AMOS A. WILLIAMS *vs.* GEORGE H. WILLIAMS, TRUSTEE OF GEORGE WILLIAMS, AN INSOLVENT DEBTOR.—*June,* 1847.

An appeal will not lie from an order of the county court, made in proceedings under the act relating to insolvent debtors, refusing to associate another trustee with the permanent trustee of the insolvent, nor ordering a sale made by such trustee to be ratified and confirmed.

Creditors injured by the misconduct of the permanent trustee of an insolvent, have a remedy in the proper *forum,* and proper form, upon his bond for the discharge of his duty.

Williams *vs.* Williams.—1847.

APPEAL from *Harford* County Court.

In the matter of *George Williams*, an insolvent debtor, upon the petition of the appellant, the county court (ARCHER, C. J.) on the 31st July, 1846, passed the following order:

For misbehavior by the trustee, the county court may remove him by the power conferred on it by the 10th sec. of act of 1805, ch. 110. But no power is conferred either directly or constructively to associate with a trustee another who is to participate with him in the discharge of the duties which he is bound by law to perform. The application of *A. A. Williams* and other creditors to associate *Mr. Yellott* with the present trustee, in the administration of the trust, cannot be gratified.

It does not appear from a careful reading of the testimony taken in this case, that any sufficient reason has been assigned for setting aside the sale of the stock of the insolvent in the *Savage Manufacturing Company.*

The sale was made in *Bel Air* in conformity with the order of the judge, which order was in conformity with such as are usually obtained by trustees, and the place of sale was not solicited by the trustee. It was advertised for the usual time and in the usual manner, and the sale, although not made on the most public day, yet was made where sales have been frequently made. Had the sale of the stock been ordered in *Baltimore*, or in the *Howard District* (where the company is situate,) there is nothing in the evidence which induces the court to believe that a higher price would have been obtained for the stock, than what it sold for in *Bel Air*.

The company had been long in operation, and in consequence of not making regular dividends, the stock had no fixed market price. Before the day of sale by the trustee, no sales for money had been made at a higher price than the trustee obtained, and although the stock may have been intrinsically worth more, as a marketable commodity, it certainly was not on the day of sale estimated higher in the market than the price obtained for it by the trustee.

Under such circumstances, the court thinks the purchaser was fairly entitled to be confirmed in his purchase.

That afterwards the stock rose in the market in consequence of the active exertions of certain stockholders to acquire an ascendancy in the government of the company, ought not in my apprehension to have any influence on the validity of the sale.

The court perceives nothing in the conduct of the trustee, or in the character and amount of the sale, which ought to disturb the title of the purchaser, or to order the stock again to be placed in the market.

Ordered the 26th May, 1846, that the sale heretofore made by *George H. Williams, trustee of George Williams,* be, and the same is hereby ratified and confirmed.

From that order *Amos A. Williams* prosecuted this appeal.

At this term the appellee, the trustee, moved to dismiss the appeal.

The motion was argued before Chambers, Spence, Magruder and Martin, J.

By Otho Scott and John Nelson for the motion, and

By Yellott and R. Johnson contra.

Magruder, J., delivered the opinion of this court.

The appeal in this case is taken from an order of *Harford* county court, dated 26th May, 1846, in the case of *George Williams,* an applicant for the benefit of the insolvent laws of this State. The application was made by the insolvent, in December, 1843.

In April, 1845, the trustee made report to *Harford* county court, of a sale made by him, of a part of the property of the insolvent. Why such report was made, does not appear; and there is no act of assembly which requires it. An order, however, was obtained on the 14th April, 1845, that the sale would be ratified unless cause to the contrary be shown, on or before the 17th day of May, (1845,) then next. On that day, the appellants filed objections to the sale. Afterwards, an ap-

plication was made in their behalf, and in behalf of other creditors, to the court, to associate *Coleman Yellott, Esq.*, as trustee, to act jointly with the trustee in the case. On the 31st July, 1846, *Harford* county court acted upon the objections to the sale, and the application for the appointment of another trustee. This application the county court refused to grant, and over-ruled the objections to the sale. In disposing of these objections, perhaps it was not necessary for the court to add that the sale be ratified and confirmed; but these words can give no right of appeal.

From this order of the county court, an appeal is taken, and this court is called upon to decide whether the parties can appeal from such an order.

It will hardly be pretended, that so much of the order as relates to the appointment of a second trustee can be reviewed in this court. If a doubt could ever have existed as to the right of appeal from such an order, the decision of the court in 1 *Harris & Gill*, 160, ought to remove it. It is equally clear to the court, that from the rest of the order no appeal will lie.

It is true, indeed, that evil may sometimes result to individuals from the want of the right of appeal in such a case. But if so, relief must be sought elsewhere. No exceptions could be taken in the trial of issues, sent from the Orphans court, in the case of a contested will, or in the trial of issues from the county court upon allegations against an insolvent petitioner, until the legislature authorized the taking of them, and an appeal to the Court of Appeals. So our late bankrupt system allowed no appeal from the decisions of the *District Court*, in the exercise of the chancery powers with which it was invested; although these decisions often related to large amounts of property. The execution of such trusts, it was thought right, ought not to be delayed by appeals; of this, the creditors have no right to complain, because if injured by any misconduct of the trustee, the law has taken care that they shall have bond, with security, the condition of which obliges the trustee, in all things, well and truly to discharge and fulfil his duties as trustee; and if the trustee be charged with a neglect of duty,

whereby the party so alleging can be shown to be injured in the trial of the issues, on such an allegation made in the proper form, and in the proper forum, the right of appeal from a decision by the inferior court may be claimed. .

APPEAL  DISMISSED.