ISAAC WEBSTER, AND OTHERS, *vs.* GIST T. COCKEY, AND OTHERS.—*June* 1850.

By the true construction of the act of 1837, ch. 259, sec. 2, provision is made for an appeal from the decisions of the commissioners of Baltimore county, in regard to the opening and shutting up of public roads in said county, to Baltimore county court, but no appeal lies, to this court from the decisions of said county court in such cases.

If no right of appeal were conferred on the county court in such cases, its judgments unwarrantably pronounced on the subject, might by appeal be reviewed and reversed in this court.

From a special limited jurisdiction no appeal will lie, unless specially provided by legislative enactment.

APPEAL from *Baltimore* county court.

Upon the petition of the appellees, the commissioners of Baltimore county, acting under the act of 1825, ch. 219, appointed special commissioners, to adjudge and determine whether a certain road in said county, leading from *"Hunter's* mill to the *York* turnpike near *Webster's* mill," should not be shut, and to report their proceedings. These commissioners thus appointed made return, that in their opinion public convenience required that said road should be shut. The appellants thereupon filed objections which the county commissioners sustained, and rejected the return. The appellees then appealed to Bal-

timore county court. The appellants then moved said county court to dismiss the appeal, upon the ground that an appeal in such case is unauthorised by law, there being no act of Assembly providing for an appeal in such case, but the court overruled this motion, and ordered a jury to try the questions presented by said appeal. The verdict of the jury was, that the objections to the return of the special commissioners, ought not to be sustained, and that public convenience required said road to be closed. Upon this verdict the court passed judgment reversing the judgment of the county commissioners, and directing the road to be closed. From this judgment the appellants prayed an appeal to this court. Motion to dismiss the appeal.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, MARTIN and FRICK, J.

By WEBSTER and MAYER, for the appellants, and
By KILBOURN and NELSON, for the apppelees.

DORSEY, C. J., delivered the opinion of this court.

The jurisdiction conferred by the General Assembly of Maryland, on the commissioners of Baltimore county, in regard to the opening and shutting up of public roads is a special limited jurisdiction; and from their decisions upon the subject, no appeal will lie to the county court unless provided for by legislative enactment. If such right of appeal from the proceedings of the commissioners be given by the legislature to the county court, its judgments thereon cannot be reviewed on appeal to this court, unless the latter right of appeal be in like manner given. But if no such right of appeal be conferred on the county court, then its judgments unwarrantably pronounced on the subject, may by appeal be reviewed and reversed in this court. In deciding therefore on the motion to dismiss the appeal before us, our inquiries are confined to two facts; to wit: has the legislature vested in the county court an appellate power over the proceedings of the commissioners, in opening and shutting up public roads in Baltimore county, and from the exercise of such appellate powers given to the county court, has the legislature given a right of appeal to this tribunal? For

the transfer of the latter power, or right of appeal no legislative sanction has been found. Our labors are then narrowed down to the simple question, has the county court been clothed with the above mentioned appellate authority? For such an appeal the 2nd section of the act of 1837, ch. 259, according to its true construction, we think, has made provision. The act of 1825, ch. 219, confers on the levy court of Baltimore county, (whose powers by the act of 1826, ch. 217, are transferred to the commissioners of Baltimore county,) the authority of opening, straightening, widening, altering, amending or shutting up, public roads in that county. The first section of the act of 1837, ch. 259, enacts, that in all cases of dispute between contending parties in regard to the opening of roads, "the commissioners are authorised to issue subpœnas for witnesses, &c., and the second section enacts, "that in all cases, as before mentioned, each party shall have the right of appeal to Baltimore county court." On the part of the appellants it is insisted, that the power of summoning witnesses, &c., is to be construed strictly, and is confined to "contending parties," as to "opening roads;" and does not embrace contending parties as to shutting up roads. Such a restricted interpretation of the act of 1837, renders it no adequate remedy for the grievance which induced its passage, and is not in accordance with the legislative intent. The design of the enactment was to confer the powers given to every case of "contending parties," in relation to every species of authority over public roads, the exercise of which was warranted by the act of 1825. With almost as much propriety might it be insisted, that the act of 1837, did not embrace cases of contests about straightening or widening, or altering or amending public roads, or the damages awarded in relation thereto.

Assuming the existence of the appellate power exerted by the county court in this case, for the correction of any errors or irregularities in its proceedings under the same, no appeal lies to this court. See the cases of the *Wilmington and Susque_hanna Rail Road Company vs. Joseph Condon,* 8 *Gill and Johns.* 443. *The Savage Manufacturing Company vs.*

*Henry H. Owings*, 3 *Gill*, 497; and *Amos A. Williams vs. George H. Williams, Trustee, &c.*, 5 *Gill*, 84.

The appeal in this case, to this court, is dismissed.

APPEAL DISMISSED.