# William E. Burtles vs. The State, use of Edward Turner.

Where an exception does not state the evidence upon which an instruction was asked, this court cannot say there was error in its refusal; in the absence of evidence to the contrary, this court must intend that the court below acted properly.

In an action upon a constable's bond the plea of general performance admits its proper execution and all the prerequisites, and a surety cannot defend himself upon the ground that the constable had not taken the oath prescribed by law.

Where a person is regularly appointed, gives bond, and proceeds to act as constable, he is presumed to have complied with all other necessary quali-

fications, and he cannot defend himself upon the ground of his own neglect to do so, and neither can his sureties.

The receipt of a constable for claims placed in his hands for collection, is *prima facie* evidence of the validity of such claims, and the proof, if any exist, affecting them, must, in an action on his bond, be adduced by him or his sureties.

It is not a *presumption of law* that a debtor *will* plead the statute of limitations to every claim to which it *may* be pleaded; such a proposition cannot receive the sanction of any court of law or equity.

A constable appointed for one district is, by the act of 1824, ch. 140, sec. 2, responsible for claims collected by him in any other district of the county.

A prayer that the plaintiff could not recover for certain claims, "because the debtors resided in the 3rd election district of" the county, is defective, in taking from the jury the finding of the fact whether or not such debtors resided in said district.

APPEAL from the Circuit Court for Charles county.

This was an action of *debt*, instituted by the appellee against the appellant, as one of the sureties upon the constable's bond of one Kelita Suit, dated the 28th of June 1845, the condition of which was, that if said Suit "shall well and truly execute the office of constable in the 4th election district of Charles county," "and shall well and truly account for all moneys placed in his hands for collection, and shall well and truly pay all sums of money received by him, then" the bond to be void.

The defendant pleaded general performance, and the plaintiff in his replication set out the breach, averring that on the 6th of August 1845, 27th of January, 3rd of April, and 19th of May, 1846, he placed in the hands of Suit sundry judgments, bonds, notes and accounts, due by sundry solvent inhabitants of Charles county, for collection, which he failed to collect and account for. To this replication the defendant rejoined, that said Suit has well and truly performed the duties of constable in Charles county according to the condition of his bond, and hath well and truly accounted for all judgments, bonds, notes, accounts and evidences of debt so placed in his hands for collection, which, according to his bond, he ought to have done. Upon this rejoinder issue was joined.

*1st Exception.* This exception states that the plaintiff offered in evidence the receipt of Suit, the handwriting to which was admitted by defendant, and then rested his case. Whereupon the defendant asked the court to instruct the jury that such evidence was not sufficient to entitle the plaintiff to recover, which the court, (CRAIN, J.,) refused to do, and defendant excepted.

*2nd Exception.* The defendant then offered the only book kept by the clerk of Charles county as the record, in which were recorded the oaths taken by the constables of said county when they qualified, as required by law, from which it appeared that Suit had not taken the oaths required by law for his qualification, and asked the court to instruct the jury that under this evidence the plaintiff was not entitled to recover. But the court, on the pleadings and issues in the cause, refused the instruction, and defendant excepted.

*3rd Exception.* This exception states that the defendant objected to the receipt which is the cause of action in this cause, on the ground that it did not appear from it that the claims mentioned on its face were proved according to the provisions of the act of Assembly for the probate of accounts and other claims. The list of accounts and the receipt is then set out in full. The defendant then prayed the court to instruct the jury, that unless the said claims did appear to be proved as above stated, or that plaintiff had furnished Suit with such evidence as would enable him to recover them by the rules of evidence at common law, and that said claims were not barred by the statute of limitations at the time they were placed in his hands, the plaintiff was not entitled to recover, which instruction the court refused, and defendant excepted.

*4th Exception.* The defendant then proved by a competent witness, that certain debtors named in the receipt, at that time and ever since, have resided in the 3rd election district of Charles county; and then prayed the court to instruct the jury, that for these claims the plaintiff could, under the conditions of this bond, recover, but the court, under the plead-

ings and issues, refused the instruction, and the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Robert S. Reeder* for the appellant.

*1st Exception.* The replication avers *affirmatively* that claims were placed in the hands of the constable for collection, against sundry *solvent* inhabitants of Charles county, and the burthen of this issue was therefore upon him. *Greenleaf on Ev.*, 85. He should have proved the solvency of the debtor, the validity of the judgments, and all the requisites for a recovery upon the bonds, notes and accounts. A mere list of judgments, bonds, notes and accounts, without the evidence to authenticate or prove them, cannot be the *best evidence*, and such evidence must be adduced. *Greenleaf on Ev.*, 98. The act of 1825, ch. 185, sec. 1, prescribes the mode in which this evidence may be used against the constable and his securities. See also the *act of* 1825, *ch.* 198.

*2nd Exception.* Appointment and *qualification* were both necessary to constitute Suit an officer, and if non-appointment would disqualify, the not taking the oath would equally do so, because it is an *imperative* requirement of the law. See *act of* 1824, *ch.* 140, *sec.* 4, and 1825, *ch.* 161, *sec.* 3, and the case of *Watkins vs. Watkins*, 2 *Md. Rep.*, 341. This is not a formal defect in the approval of the bond, as in the case of *Young vs. The State*, 7 *G. & J.*, 253, but a *substantial* defect in the qualification of the officer.

*3rd Exception.* The argument used upon the first exception applies here. The act of 1842, ch. 283, is not against this view of the case. The list is *prima facie* evidence when the constable is defaulted, or has failed to prosecute after judgment, or refused to pay over money when collected. Affirmative evidence that the claims were good and valid, ought to be produced before the securities are driven to defensive evidence.

*4th Exception.* The condition of the bond is for the 4th election district, and if some of the debtors lived in the 3rd, can there be a recovery? A bond is a *contract.* The case of *Miller vs. Stewart,* 9 *Wheat.*, 680, is similar to this, and in that case *Justice Story* says, that a bond is a contract to be strictly pursued, and to be construed according to the exact meaning of its language. The act of 1824, ch. 140, is the only authority for holding the sureties liable in this case, but then the conditions of the bond are not co-extensive with the counts in the replication—they are at variance and make a material departure. 1 *Chitty on Pl.*, 646, 647.

*Wm. H. McParlin* for the appellee.

1st. The appellee insists, that the first and third prayers were properly rejected, because the admitted receipts of the constable were *prima facie* evidence to charge his bond with the debts so received, and imposed upon the defendants the burden of proving his discharge, by showing that they were collected and accounted for. 4 *H. & McH.*, 75. 2 *H. & G.*, 379. 3 *G. & J.*, 75. 8 *G. & J.*, 111, 470. 11 *G. & J.*, 378.

2nd. The court was right in rejecting the second prayer, because in the only *issue joined* it was not material whether the constable had taken the oath or not, nor could the defendant, as his surety, avail himself of this breach of duty of his principal. 7 *H. & J.*, 339. 3 *G. & J.*, 75. 7 *G. & J.*, 253. 9 *G. & J.*, 15. 11 *G. & J.*, 382. *Ev. Pr.*, 169, 170.

Le Grand, C. J., delivered the opinion of this court.

This is an action on a constable's bond. After giving in evidence the receipt of the constable, the handwriting of which was admitted by the defendant, the plaintiff rested the case, whereupon the defendant prayed the opinion and direction of the court to the jury, that such evidence was not sufficient to entitle the plaintiff to recover. This direction the court refused to give, and it is this refusal which constitutes the first exception. We discover no error in the refusal of the circuit court. The exception does not set out the receipt, and we

are, therefore, so far as this exception is concerned, entirely without information in regard to the evidence on which the instruction of the court was asked.   In the absence of testimony to the contrary, we must intend that the court acted properly.

The second exception sets out that after the plaintiff's case was concluded, the defendant offered evidence to show, that Kelita Suit, the constable, had not taken the oaths prescribed by law, and prayed the court to instruct the jury, that under this evidence the plaintiff was not entitled to recover, but the court, under the pleadings and issues in the cause, refused to give the instruction.   In this we think the circuit court did right.

The only issue joined was on the plea of general performance.   This admitted the proper execution of the bond and all the prerequisites.   Had the defendant designed to avail himself of any supposed irregularity in the execution of the bond, he should have done so by a plea of .non est factum. But apart from this, it was not competent for the defendant to defend himself upon the ground that the constable had not taken the oath prescribed by law.   The latter having been regularly appointed, and bonded, and having proceeded to act as constable, he is to be presumed to have complied with all other necessary qualifications.   In an action against him he could not defend himself on the ground of his own neglect, and his securities, in relation to such a defence, are, in point of law, in the same situation.   Laurenson vs. The State, 7 Har. and Johns., 339, and the cases cited on this point by counsel for appellee.

The third exception embraces an objection to the sufficiency of the receipt of the constable which is set out in this exception, on the ground it did not appear from the said receipt that the claims mentioned on the face of the same were proved according to the provisions of the act of Assembly for the probate of accounts and other claims.   It also contains a prayer asking the court to instruct the jury, that unless it did appear the claims had been proved, or that the plaintiff had

furnished the constable with such evidence as would enable him to recover the claims by the rules of evidence at common law, and that said claims were not barred by the statute of limitations at the time they were placed in the hands of the constable, the plaintiff was not entitled to recover.

The court rightfully rejected this application. There was no necessity for the *receipt* to exhibit on its face that the accounts had been proved according to the act of Assembly, nor, indeed, was it incumbent on the part of the plaintiff, in the first instance, to show the fact. The receipt of the constable was *prima facie* evidence of the validity of the plaintiff's claim, and if it could be affected, the evidence for that purpose was to be adduced on the part of the constable or his surety. Besides this, the prayer assumes as a presumption *of law*, that the statute of limitations would be pleaded by the debtor to the claims to which it might be pleaded, and thus defeat their recovery. Such a proposition could not receive the sanction of any court of law or of equity.

The prayer contained in the fourth exception is defective in several particulars. It asks the court to instruct the jury that the plaintiff could not recover for certain enumerated claims, because the debtors resided in the third election district of Charles county. This proceeds on the hypothesis, that inasmuch as Suit was appointed for the fourth election district, his bond was not responsible for claims collected in any other district of the county. This is plainly error, for the act of 1824, ch. 140, sec. 2, gives the constable authority to serve process, &c., throughout the county, and makes his responsibility, and that of his securities on his bond, "*co-extensive with the authority to serve and execute process.*" But, in addition to this, the prayer was erroneous, because it took from the jury the finding of the fact *whether or not* the particular debtors resided in the third district. *Brown vs. Ellicott,* 2 *Md. Rep.,* 75.

<div align="right">

*Judgment affirmed.*