(Decided July 1st, 1859.)

---

# Wm. Cecil, Adm'r of Mercy Owens, *vs.* Negroes Rose and Others.

No appeal lies from an order of the Circuit Court, ascertaining, under the Act of 1796, ch. 67, sec, 27, the *amount* of costs, damages, and expenses incurred by the master on a former petition for freedom, to be paid by the petitioner before proceeding with a second petition, if such ascertainment, when made, is within the limits of the court's discretion.

Appeal from the Circuit Court for Prince Georges County.

The appellees filed a *petition for freedom* on the 18th of August 1857, against the appellant, which was *dismissed* on the 13th of November following, and on the 21st of October 1858, they filed a *second petition* against the same party. The appellant then filed his petition, which was sworn to in open court, alleging that he had incurred costs and expenses to the amount of $377.53 in the defence of the first petition and the maintenance of the negroes during the pendency

Cecil, Admr. of Owens, *vs* Negroes Rose, *et al.*

thereof, and asking a stay of proceedings in the second peti-tion until such costs and expenses were paid, or secured to be paid. With this petition a statement of his claim and accompanying vouchers were filed. The items claimed were costs of suit as taxed by the clerk, *jail fees and board,* medical bill, personal expenses of the appellant, *boarding* and *clothing* the negroes from the 12th of September to the 2nd of November; expenses incurred in bringing the negroes from Montgomery county to Upper Marlborough, and then taking them to Mil-lersville in Anne Arundel county, and for an examination of docket entries and records.

The court (CRAIN, J.) passed an order allowing the following expenses claimed in the petition, *"and no more,* that is to say, $28.43½ for cost of suit, $3 for personal expenses, $18.50 paid Judson Richardson, November term 1857, $25 for bringing negroes to court, and $14 for medical bill.'' The defendant appealed from the decision of the court refusing to allow any other charge claimed in the exhibits filed with his petition.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Oliver Miller* for the appellant.

The allowance made by the Act of 1796, ch. 67, sec. 27, is, "the costs of the former petition and all *reasonable* damages and *expenses* sustained or incurred by the defendant or defendants therein.'' It is said no appeal lies from this order, because the ascertainment of the reasonable expenses and damages is *exclusively* within the *discretion* of the court below, and it is asserted, that this was so decided in the case of *Bell vs. Jones,* 10 *Md. Rep.,* 322. But a careful examination of that case will show, that this point was *not* decided, and the reversal of the order there did not require its decision; and it is insisted, that the words of the statute, "to be ascertained by the court,'' do not imply an *arbitrary discretion,* but an examination and judgment upon legal evidence, from which an appeal will lie by either party feeling himself thereby aggrieved. The Act of 1809, ch. 153, sec. 1, enacts,

9    v. 14.

"That the courts of law shall have power to order and allow amendments to be made in all proceedings whatever, before verdict, so as to bring the merits of the question between the parties fairly to trial;" and yet, in the case of the *Union Bank vs. Ridgely*, 1 *H. & G.*, 407, the court say: "The discretion vested in the courts by that Act is not a *capricious*, but a *sound, legal discretion*, to the proper exercise of which the party claiming it is entitled, and from which he cannot properly be debarred by any rule that is the mere creature of the court." The court below, in that case, allowed the amendment, notwithstanding a rule of court forbidding such an amendment to be made, and the Court of Appeals, after using the language above quoted, say, "the permitting the amendment was a proper exercise of the discretion vested in the court by that Act;" but from what is there said it is manifest, that if the court below had *refused* the amendment and adhered to their rule, it would not have been a *proper exercise* of the *sound, legal discretion* conferred by the Act, and that the party aggrieved by such an arbitrary ruling would have had his remedy by appeal; for otherwise it was needless for the court to have said anything as to the propriety or impropriety of the exercise of the discretion. In *Warfield vs. Warfield*, 5 *H. & J.*, 459, it was held, that an appeal would lie from an order of the Chancellor refusing to permit a defendant to amend his answer, so as to bring his rights fairly before the court. See also *Wall vs. Wall*, 2 *H. & G.*, 79, where the court say, that a party has the right to appeal from an erroneous interpretation, by the inferior court, of its *own rules*, upon the ground, that every suitor is interested in the interpretation of the rules of court applicable to his own case, and an erroneous judgment in relation to them may, in many cases, be as *vitally injurious* to him, as a wrongful judgment upon the law which may govern his case.

For these reasons it is insisted, on behalf of the appellant, that the appeal in this case was properly taken.

*S. B. Hance* and *Thos. F. Bowie* for the appellees.

The appellees insist, that the appeal should be dismissed for

Cecil, Admr. of Owens, *vs.* Negroes Rose, *et al.*

the following reasons: Because, by the Act of 1796, ch. 67, sec. 27, the court below is given *a sound discretion* in passing on what may be termed reasonable damages and expenses, and that having passed the order requiring $88.93⅓ to be paid, as reasonable damages and expenses, no appeal will lie. The court, according to the decision in the case of *Negroes Bell, et al., vs. Jones,* 10 *Md. Rep.*, 322, has said, that "where the order passed is within the limits of the court's discretion *it is final and no appeal lies,*" but that "where the order, upon its face, appears to be partly within and partly beyond the scope of the court's authority, it may be appealed from and reversed." The court will bear in mind, that the order passed in this case is claimed by the appellant as *within the scope of the court's authority,* but that the court did not go far enough, which makes this case come exactly within the words of the decision referred to, "that where the order passed is *within the limits* of the court's discretion *it is final* and no appeal lies." It is not contended by the appellant, that the order passed is beyond the scope of the court's authority, and not being beyond the court's authority, we contend that the appeal should be dismissed.

*Note.*—The argument upon the other points, on both sides, is omitted.

ECCLESTON, J., delivered the opinion of this court.

At the November term 1857, of the Circuit Court for Prince Georges county, a petition for freedom, which had been previously filed by the present appellees, was dismissed. Subsequently this petition was filed; and, at November term 1858, the defendant below, now appellant, filed his petition, stating that the former petition had been filed by the same parties, which had been dismissed; and that he had been subjected to large costs and expenses in the defence of that case, and in the maintenance of the negroes during the pendency of the same, amounting in the aggregate to the sum of $377.53. He therefore prayed the court to pass an order staying all proceedings in this second petition for freedom, until the said costs and expenses should be paid, or secured to be paid.

Whereupon the court passed an order allowing the defend-

ant sundry items, for costs and expenses, amounting to the sum of $88.93⅓, "and no more." From this order the defendant appealed.

The Act of 1796, ch. 67, sec. 27, enacts: "That if any petition for freedom shall hereafter be filed in any court of law in this State, and dismissed, and a second petition filed at the suit of the same party, the court, in which such second petition may be filed, shall order a stay of all proceedings until the costs of the former petition, and all reasonable damages and expenses sustained or incurred by the defendant or defendants therein, to be ascertained by the court, shall have been paid, or secured to be paid."

The appellant's counsel contends, that admitting (as the appellee's counsel have supposed) a discretion is given to the court, by the provision requiring the reasonable damages and expenses sustained or incurred by the defendant, "to be ascertained by the court," still those words "do not imply an *arbitrary discretion,* but an examination and judgment upon legal evidence, from which an appeal will lie by either party feeling himself thereby aggrieved." We, however, do not think there is any appeal from such a decision, if the ascertainment, when made, is within the limits of the court's discretion. In *Negroes Bell, et al., vs. Jones,* 10 *Md. Rep.,* 322, it was not necessary to decide the same question now before us. That appeal was sustained upon two grounds, neither of which is here presented.

The first was, the order of ascertainment contained an allowance for counsel fees as expenses, which fees this court held the Legislature never designed should be so allowed, and, therefore, not being included within the discretion given by the Act, the order allowing the same was, to that extent, without authority, and consequently erroneous.

The second ground was, an error in the order for want of sufficient *certainty* in the amount of the expenses.

The present appellant, of course, does not object to the order, because the expenses allowed are not within the limits of the court's discretion; his complaint is, that items proper to be allowed were rejected. No objection is made, or can be made, to the order for uncertainty.

'The statute imposes a duty, confers a discretion, and provides for performing the same in a summary way, contrary to the usual course of the common law, in ascertaining the amount of damages and expenses, which one party claims of another, and without expressly giving an appeal from such ascertainment.

In the court below the parties and witnesses are present, and all the attendant circumstances must generally be more fully known and better understood than they can be from a statement of evidence in a record, and therefore a matter of discretion can be more appropriately decided in the court below than in an appellate tribunal, in which the decision must be upon what is disclosed in the record alone.

In reference to the subject of appeal in cases of discretion, see the authorities cited on the part of the appellee, in *Negroes Bell, et al., vs. Jones,* 10 *Md. Rep.,* 327.

In regard to appeals see, also, *Wilmington & Susquehanna Rail Road Co. vs. Condon,* 8 *G. & J.,* 443, and *Webster, et al., vs. Cockey, et al.,* 9 *Gill,* 92.

*Appeal dismissed.*

