(Decided March 26th, 1896).

THE JOHNSON COMPANY, A CORPORATION, *vs.*
JAMES B. HENDERSON AND A. B. BROWNE,
TRUSTEES, AND OTHERS.

*Dissolution of Injunction when Case is Heard on Bill and Answer.*

When the averments of a bill to restrain a mortgage sale, upon which
the plaintiff's equity rests, are denied by the answer, and the aver-
ments are not sustained by proof, the injunction should be dissolved.

Appeal from an order of the Circuit Court for Mont-
gomery County (LYNCH, J.) dissolving an injunction pre-
viously issued.

The cause was submitted to the full Bench on briefs filed
by *John Ridout* for the appellant, by *James B. Henderson*
and *Aldis B. Browne* for themselves, as trustees, appellees,
and by *Nathaniel Wilson* for Crosby and Lieb, appellees.

BRISCOE, J., delivered the opinion of the Court.

On the 20th of June, 1892, the Tennallytown and Rock-
ville Railroad Company, operating a line of electric railroad
from the District of Columbia to Bethesda Park, in Mont-
gomery County, Maryland, conveyed to Messrs. Hender-
son and Browne, trustees, its railway, equipment, personal
and real property to secure a first mortgage indebtedness of
$25,000.   Default having been made in its payments, the
trustees were required by the holders of the securities to
advertise the property for sale, which was done according to

the terms of the first deed of trust. Subsequently, the appellant, the Johnson Company, a corporation duly incorporated under the laws of the State of Pennsylvania, and a junior creditor of the railroad company, obtained an injunction restraining the sale. The case was afterwards heard upon bill and answer, and this appeal is from an order of the Court dissolving the injunction. It is clear that when a case is heard upon bill and answer, if the answer denies the equity of the bill, the injunction as a general rule will be dissolved. So the only question here is, do the answers deny the equity relied on in the bill?

The bill alleges that the appellant is a judgment creditor for the sum of $7,882.40, and also the holder of certain second mortgage bonds of the railroad company, which are secured by a second deed of trust bearing date on the 8th of April, 1893, covering the property of the railroad company. Both of these claims are subsequent in date to those secured by the deed of trust under which the property was advertised. And the plaintiff alleges the following grounds of equitable relief: 1. That two of the defendants, Messrs. Crosby and Lieb, being the owners of the Georgetown and Tennallytown Railroad, purchased the first mortgage notes for $13,000, described in the bill of complaint, in order that they might by oppressive foreclosure proceedings acquire the property and franchises of the said Tennallytown and Rockville Railroad at much less than its real value, and with that end in view has endeavored to deter persons likely to bid from bidding. 2. That the defendants, Crosby and Lieb, claimed the right to fix the terms of sale, and purposely made them so onerous and unusual as inevitably to deter and drive off bidders. 3. That the property described in, the deed of trust should have been advertised to be sold, and should be offered for sale in parcels ; that is, that the property known as Bethesda Park, and the railroad and its equipment in Montgomery County, and the personal property in the District, should each be offered for sale separatly, and that such separate offering would be the most advan-

tageous and most to the interest of the complainant, and that the requirements of the payment of $15,000 cash would practically prevent the separate sale of the real estate.

Now it will be observed upon an examination of the bill and answers, that the answers are responsive to and an express denial of the averments in the bill, upon which the equity of the plaintiff's case rests.    And the effect of such answers is to put the plaintiff to the proof of the facts alleged in the bill.    Inasmuch, then, as the plaintiff has failed to support by proof the averments in his bill, and finding nothing in the case to authorize the interposition of a Court of Equity, the order dissolving the injunction will be affirmed. It is proper, however, for us to say that the trustees appear to have complied with the requirements prescribed by the deed of trust.    This deed provides, that upon default, the trustees may sell all the property thereby conveyed, "at public auction, to the highest bidder, at Bathesda, in Montgomery County, Maryland, at such times as they may appoint, having first given public notice of the time and place of such sale by advertisement, published no less than five times a week for a period of one month, in one or more newspapers in the said city of Washington, and once a week for a period of not less than one month, in some newspaper published in Montgomery County, Md., with the right to adjourn the sale from time to time, in the discretion of said trustees, giving reasonable notice of such adjournment, to make the sale at the time and place to which the same may be so adjourned."

The sale when made will be subject to ratification by the Court, and if there are valid objections, will be set aside and the rights and the interests of all parties protected.

*Order affirmed with costs.*

(Decided March 25th, 1896).