# FRANKLIN W. RIDGELY *vs.* EDWIN M. WILMER AND DAVID H. LUCCHESI.

*Appeal—Dismissing Bill for Want of Necessary Parties—Bill to Re-strain Execution of Judgment by Confession on Notes.*

An appeal lies from a decree dismissing a bill without prejudice when it also has the effect of dissolving a preliminary injunction.

Code, Art. 16, sec. 163, provides that when a defendant answering suggests that the bill is defective for want of proper parties, the plaintiff may have the case set down for hearing on that objection, but if not so set down and at the final hearing the Court holds that there is a lack of proper parties then the plaintiff shall not be entitled as of course to an order allowing the bill to be amended but the Court may, if it be thought fit, dismiss the bill. *Held*, that the discretion of the Court to dismiss a bill under these circumstances is dependent upon its judicial finding that the bill is defective for want of proper parties, and an appeal lies from a decree dismissing a bill on that ground if the decision that a new party was necessary be erroneous.

Plaintiff's bill alleged that he had borrowed a certain sum of money from the defendant W. and had executed therefor promissory notes payable to one G.; that the plaintiff and G. had agreed that upon default in payment at maturity judgments by confession might be entered without summons or appearance for the amount of the notes together with counsel fees and other costs; that a Justice of the Peace, the other defendant in the bill, had entered judgments on the notes against the plaintiff and G.; that at that time plaintiff had already paid to W. more than the amount actually loaned. The bill charged that the notes were usurious and the judgments fraudulently obtained and asked that the defendants be enjoined from enforcing the same. A preliminary injunction was granted and the defendant W. answered denying the allegations of fraud and alleging that the plaintiff had failed to make G. a party to the bill, The case was not set down for a hearing on that ground but afterwards the Court, finding that G. was a necessary party to the proceeding, dismissed the bill. *Held*, that since there is nothing on the face of the bill or exhibits to show that W. is the legal holder of the notes, which were not endorsed by G., and the object of the bill is to restrain W. from executing the judgments against the plaintiff, and since the record does not show that G. has any interest in the questions raised between W. and the plaintiff, G. is not a necessary party to the bill, and it was error to dismiss the same on the ground that he was such party, although the bill also asked that the execution be restrained as to G. as well as to the plaintiff.

Appeal from a decree of Circuit Court No. 2, of Baltimore City (DOBLER, J.); dismissing the bill of complaint "without prejudice to the plaintiff to file a new bill with the proper parties."

One of the notes referred to in the opinion of the Court was as follows :

$33.                 Baltimore, Md., Jan'y 13, 1902.

Thirty days after date promise to pay to the order of James A. Galloway, thirty-three dollars and ——— cents at value received, with interest from date.

And on default of payment, at maturity, of the principal and interest of this promissory note, I we agree that judgment by confession may, at once, be entered against me us for the amount thereof and ten per centum thereon for expenses of collection, and I we hereby waive summons and enter my our appearance to any proceeding, instituted on this promissory note by the *bona fide* holder thereof, in any Court of law of the State of Maryland, or before any justice of the peace of said State, having jurisdiction, and confess judgment in favor of said *bona fide* holder for the principal and interest of said promissory note, and ten per centum of the amount thereof for expenses of collection, and an attorney's fee of ten dollars, and costs of suit. And I hereby waive all exemption laws of the State of Maryland in favor of the *bona fide* holder of the said promissory note, and judgment recovered, as aforesaid thereon. With waiver of appeal, supersedeas, bankruptcy, and of injunction on said judgment. Witness my hand and seal day and date first above written

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*John L. G. Lee*, for the appellant.

*D. Elridge Monroe*, for the appellees, submitted the cause on his brief.

PAGE, J., delivered the opinion of the Court.

The bill of complaint of the appellant sets forth that three judgments were entered by a Justice of the Peace, Lucchesi, one of the defendants, in favor of the appellee Wilmer, and

three judgments against James A. Galloway. That these judgments were obtained on the following facts: Ridgely, on the 19th of December, 1900, borrowed from Wilmer thirty dollars and gave him his note for $33; in February, 1901, he borrowed ten dollars and gave his note, endorsed by Galloway, for $11; and on December 27th, 1900, borrowed ten dollars and gave his note, endorsed by Galloway for $11. Copies of the notes filed in the record show, however, that the notes were given to Galloway. It also appears that both Ridgely and Galloway agreed that on default of payment at maturity of the principal and interest, judgment by confession might be entered in favor of the holder of the notes, to include ten per centum for expense of collection, ten dollars as an appearance fee for attorney and costs of suit; and they also waived appeal, supersedeas, bankruptcy, injunction, summons and appearance in any Court or before any Justice of the Peace having jurisdiction. The bill further alleges that the judgments against the appellant, amounting in the aggregate to $93.39, and against Galloway, aggregating $94.14, were entered by the Justice of the Peace without any summons or appearance; that at the time the judgments were rendered Ridgely had already paid Wilmer $58, or eight dollars more than in fact the latter had received; and for that reason Ridgely had refused to make more payments. It is charged that the notes were usurious, and the judgments fraudulently obtained; and to enforce the latter would cause great and irreparable loss and damage. The complainant claims to be entitled to have the notes and judgments cancelled, and prays that the appellees may be restrained by injunction from enforcing them. Galloway is not joined in the bill. The usual order for a preliminary injunction was issued, and both the appellees answered. Wilmer denied the alleged fraud and averred that he bought the notes; and by the seventh paragraph of his answer sets up that the complainant has a full remedy at law; and further that the " plaintiff has failed to make proper parties because James Galloway is a proper party; and that the person who signed the bill was not at that

time an attorney of the Court." The appellant joined issue On the 24th day of September, 1902, leave was granted to take testimony, but the record fails to show that any was taken.

On the 2nd day of April, 1903, the appellees moved in writing to dismiss the bill because "the plaintiff has failed to comply with the provisions and requirements of the 35th General Rule of Pleading, in reference to the objection for want of parties." On the 2nd day of April, 1903, after a hearing and the argument of counsel the Court dismissed the bill "Without prejudice to the plaintiff to file a new bill with the proper parties;" and from this decree the appeal has been taken.

A motion was made to dismiss the appeal; and of the two grounds assigned, the first was, because the decree being "without prejudice to the plaintiff," does not adjudicate any right of the parties, and is not therefore so far final as to authorize the appellant to prosecute an appeal. Whatever might be the force of this consideration as ordinarily applied, in this case it cannot apply, because of the fact that this particular decree had the effect of dissolving the injunction. *Wagoner* v. *Wagoner*, 77 Md. 189, and from such an order appeal lies. *The Johnson Co.* v. *Henderson*, 83 Md. 126. The second ground for the motion was that the dismissal of the bill was a matter within the discretion of the Court under the 35th General Equity Rule (sec. 163, Art. 16, Code), and therefore not reviewable. That rule provides that when a defendant in his answer suggests that the bill is defective for want of parties, the plaintiffs may have the case set down for argument on *that objection only;* and if he shall not set it down but proceed to a hearing, notwithstanding the objection; if the defendant's objection be allowed he shall not be entitled as of course to an order for liberty to amend his bill by adding parties, but the Court may, "if it be thought fit, dismiss the bill;" if, however, the cause be set down on the objection and it be allowed, the "plaintiff shall have the liberty to amend on paying the costs of the amendment." The record

does not show that the cause was set down for a hearing on the objection of want of party plaintiff; but it appears that on the 2nd of April, 1903, the defendant prayed the Court to dismiss the bill because of the failure of the plaintiff to comply with the provisions of the 35th Rule "in reference to objections for want of parties;" and that on the same day the decree dismissing the bill was passed. The Court therefore when it passed its decree acted upon the motion of the defendant to dismiss the bill, and dismissed it because it thought fit to do so on failure of the plaintiff to set it down for a hearing. It must therefore have been held by the Court that Galloway was a necessary party, without whom no proper decree could have been authorized under the allegations of the bill, since without such an adjudication, even upon a final hearing it could not have exercised its discretion under this rule. By the terms of the rule, the want of a proper party plaintiff is a fact that must be found, and whether Galloway is a necessary party is a matter open to our review. It is clear that the object of the bill is to restrain *Wilmer* from collecting the judgments from Ridgely. The judgments were based upon certain instruments made by Ridgely to the order of Galloway. They have never been endorsed by him, and from all that appears in the bill or exhibits Galloway is not in any manner responsible for the payment of the money to Wilmer; and there is nothing on the face of the bill or notes to show that Wilmer is in fact the legal or *bona fide* holder of the notes. He calls himself "holder and plaintiff" in the order to Lucchesi to extend the judgments, but he could not become a *bona fide* holder except by the endorsement of Galloway, and there is no such endorsement or assignment to him. It is true that the bill makes some averments that seem to be contradictory of the legal effect of the notes as they appear in the record, but having been filed with the bill as parts of and explanatory of its averments, they must be taken to be as in fact they appear. Furthermore the plaintiff avers that to enforce the payment of the judgments will cause him great damage and that the "complainant" has no remedy at law, etc.

It is therefore clear that the complainant was seeking a remedy only for himself; and he was not bound to seek a remedy for and on behalf of Galloway. The fact that Ridgely asks that the injunction may include Wilmer's claim against him does not prevent the Court from granting him such relief as his case may require, or from granting such parts of the relief as may be legal and proper under the allegations of the bill.

So far as the record shows therefore Galloway has no interest in the questions litigated, or·sought to be litigated, between the complainant and defendants. That in substance is only shall Wilmer be permitted to collect the judgments from Ridgely or out of his property and not from Galloway. The bill makes no common ground between Galloway and Ridgely. If Wilmer should attempt to· collect out of Galloway, it would be the latter's privilege and business to proceed on his own behalf.

"No one need be a party plaintiff in whom there exists no interest." *Kerr* v. *Watts*, 6 Wheaton, 559; *Wright* v. *Santa Clara M. Ass.*, 12 Md. 443.

The relief asked by Ridgely is for an injunction restraining the defendants from enforcing the judgments against himself and against Galloway, and for general relief. It need not be said that the relief asked for in behalf of Galloway could not be allowed, he not being a party; but that fact alone will not, as we have said, preclude the complainant from obtaining such relief as he may be entitled to within the scope and object of the bill which he has asked for himself. *Fenby* v. *Johnson*, 21 Md. 108; 16 *Ency. Pldg. and Prac.*, 795, and authorities there cited. Inappropriate allegations in the bill will not defeat the right to relief, if the bill makes a case justifying the relief granted, when there is a special or general prayer. *Sloan* v. *Safe Deposit and Trust Co.*, 73 Md. 239; *Gibson* v. *McCormick*, 10 G. & J. 65; *Dunnock* v. *Dunnock*, 3 Md. Ch. 146.

If it be conceded that Galloway was not a necessary party, can it be successfully maintained that in dismissing the bill the Court acted within the limits of any discretion it may have had under the statute? It is there provided in substance that

if the cause be set down for hearing "for want of parties," and the objection be allowed, the "plaintiff shall have liberty to amend on paying costs of the amendment; but if the plaintiff, notwithstanding the suggestion of the defendant, in his answer, that the bill is defective for want of parties, shall not set down the cause for hearing on that objection only, but shall "therewith proceed to a hearing" and the objection be allowed, he shall not be entitled to amend "as of course" but the Court or judge may "if it be thought fit" dismiss the bill. It then appears that the power of the Court as conferred by the Act is dependent for its exercise upon a judicial finding upon the terms and condition of the statute that the bill is defective for want of parties. That must be found by the Court before the Court has power to exercise its alleged discretion in respect to the dismissal of the bill. If it should undertake to dismiss the bill solely under the rule for want of parties before there had been a determination that new party plaintiffs were necessary, manifestly it would exceed its authority. The discretion to which we have alluded can be exercised only on a final hearing. It seems to be no less clear that if it should erroneously decide that a new party was necessary, and should then dismiss the bill, its order of dismissal would also be in error, not because it had exercised its discretion wrongly, or unwisely, but because the occasion for its exercise had not arisen. In *Negroes Bell* v. *Jones*, 10 Md. 330, it was said "that an act of the Court which is within the limits of their exclusive discretion is final; but nevertheless, if it appears to be partly within, and partly beyond the scope of their authority, it may be appealed from and reversed." *Cecil, admr.*, v. *Negroes*, 14 Md. 68; *Kinnear & Willis* v. *Lee & Reynolds*, 28 Md. 489, 490.

Inasmuch as we have found that Galloway was not a necessary party to enable the appellant to obtain the relief he asks for himself, the decree dismissing the bill must be reversed.

                    *Decree reversed and cause remanded, etc.*

(Decided July 1st, 1903.)