EDWIN M. WILMER

*vs.*

FRANKLIN W. RIDGELY.

*Attorneys: absence from trial, although notified and summoned.*

Where counsel who had another associate with him in the trial of a case in one of the courts of Baltimore City, voluntarily remains in that Court pending the return of the jury with their verdict and refuses to appear in another Court of that city, where a case in which also he was counsel, was called for trial, and of which coming trial he had been notified and summoned by the Court, it was *held* that the fact that such latter case was heard and determined in his absence presented no ground for granting a rehearing, under the rules of the Supreme Bench of Baltimore City.          p. 507

*Decided December 12th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas and Urner, JJ.

*David Ash,* for the appellant.

*John L. G. Lee* and *Duncan K. Brent,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2 of Baltimore City dated the 19th of December, 1916, making perpetual, an injunction which had been granted in the case, and enjoining the defendants from collecting certain judgments and notes mentioned and described in the proceedings. It is the second appeal in the case. The first appeal was decided by this Court on July 1st, 1903, and the decree of the Court below was reversed and the cause was remanded for further proceedings. *Ridgely* v. *Wilmer,* 97 Md. 726.

It appears from the record that on the 12th of December, 1916, a petition was filed in the case on behalf of the appellees, on the former appeal, wherein it is averred, among other things, "the petitioners are advised that the bond in the said matter upon which an injunction issued is an insufficient bond," and that the case had been set for hearing on the merits. The prayer of the petition was that the Court strike out the general replication to their answer hereinbefore filed and to grant leave to the petitioners to withdraw their answers and to file a demurrer.

By a recital in the decree it appears that counsel for the respective parties were heard on November 27th, 1916, in the matter of the petition of the defendants for a new bond and the Court held that it would not consider the petition until the whole case was heard on its merits.

Subsequently and after the 27th of November, 1916, the case was set for hearing and after a notice of over a week

the case was regularly called for trial on the 18th of December, 1916.

Testimony in open Court was taken, read and considered, and the whole case heard on its merits.

The decree states that the Court being of opinion that the notes and interest, the basis of the judgment in these proceedings, were paid as averred in the bill of complaint, it was thereupon adjudged and decreed that the injunction which had been granted be made perpetual and the defendants were enjoined from collecting the judgments and notes described in the proceedings.

There is nothing in the case appearing from the record to impeach the correctness of the conclusion of the Court below upon the trial of the case or which would otherwise warrant the reversal of the decree in this case.

. On the former appeal, in *Ridgely* v. *Wilmer,* 97 Md. 728, it was said it is clear that the object of the bill is to restrain Wilmer from collecting the judgments from Ridgely. The judgments were based upon certain instruments made by Ridgely to the order of Galloway. They have never been endorsed by him and from all that appears in the bill or exhibits Galloway is not in any manner responsible for the payment of the money to Wilmer; and there is nothing on the face of the bill or notes to show that Wilmer is in fact the legal or *bona fide* holder of the notes. He calls himself "holder and plaintiff" in the order to Lucchesi to extend the judgments, but he could not become a *bona fide* holder except by the endorsement of Galloway, and there is no such endorsement or assignment to him.

The testimony upon which the decree was based on this appeal is not set out in the record and in the absence of any error disclosed by the record we must presume, as in other cases, that the Court decided correctly. *Alexander* v. *Macauley,* 6 Md. 359; *Burtles* v. *State,* 4 Md. 278; *Hollowell* v. *Miller,* 17 Md. 305.

The contention of the appellants that they were denied due process of law as guaranteed by the Constitution of the

United States in the trial of the case is without force or
merit.

It appears from the record that the attorney for the appel-
lants not only absented himself from the trial of this case
after the retirement of the jury in the Baltimore City Court
but he appeared in Court shortly prior thereto, and informed
the Judge sitting in the case he would assert a right to re-
main in the Baltimore City Court until such time as the
jury would return with their verdict in that Court.

A statement of the Judge, sitting in Circuit Court No. 2,
and who heard the case, is set out in the record stating the
reasons why the case was heard and tried without the pres-
ence of the attorney for the appellants and it is as follows:

"December 18th, 1916.   1.45 P. M.

"(The Court): Now, gentlemen, I think it necessary
to make a statement which can be put on the record
to certify to the Court of Appeals, if need be, of the
reasons why this case will have to be tried without
Mr. Ash's presence.

"The case was called this morning, after notice of
considerably over a week.   The Court was ready to
proceed with it after the termination of two short mat-
ters, which were called first.   The parties on both sides
of the case have been in Court, and the Court is in-
formed that the plaintiffs have ready for trial one or
more witnesses from out of the State—Pittsburg, Pa.,
and another witness from out of the city, but in the
State of Maryland.

"Having no other business, the Court at 11 A. M.
suspended its session, awaiting such time as Mr. Ash
could conclude a case pending before the Baltimore
City Court, in which he and Mr. B. H. Hartogensis
were joint counsel for one of the defendants, to take
up this case in this Court.   The Court received at 10
o'clock A. M. today from Mr. Ash a letter, which will
be copied into the records.

"Said letter is as follows:

" 'December 18, 1916.

" 'Honorable Carroll T. Bond.

" 'My Dear Judge:

" 'I have assignments before Judge James M. Ambler and Judge Arthur T. Stump, and am actively engaged before Judge Stanton in the Baltimore City Court, but will reach you at the earliest moment.

" 'Very respectfully yours,

" 'David Ash.'"

"It appeared that there was no possibility of Mr. Ash's being engaged in either of the other Courts referred to.

"At the conclusion of Mr. Ash's case in the Baltimore City Court, the Court convened and called the case for trial. Mr. Ash, shortly prior thereto, however, presented himself in chambers and informed the Court that he would assert a right to remain in the Baltimore City Court until such time as the jury would return with their verdict in that Court. To this the Court replied that it would not only be against the practice, but unfair and improper in view of the facts previously narrated, to suspend this case while he remained seated in the Baltimore City Court. Therefore, the Court, being satisfied that Mr. Ash's avoidance of this trial was purely for the purpose of vexatious delay, ordered the case to proceed without him upon and after the retirement of the jury in the case in the Baltimore City Court, and this trial was taken up accordingly."

It further appears as part of the record of the proceedings of the case that after the Court had announced its decision and discussed the terms of the decree with the counsel for the plaintiff, the attorney for the defendants appeared in Court and moved for a rehearing in the case as follows:

"The defendants in this case, and each of them, state that having appeared in this Court at seventeen minutes after two o'clock P. M., having imme-

diately come from the taking of a verdict before his
Honor Judge Stanton in the Baltimore City Court,
and being now informed that a final decree has been
passed in this case, respectfully move the Court for
a rehearing in this matter, and complain that they
have been denied due process of law as guaranteed
by the Fourteenth Amendment of the United States
Constitution in that, after this Court had been noti-
fied that counsel was actively engaged in the trial
of a case before his Honor Judge Stanton, this Court
notwithstanding, contrary to the rule and contrary
to the requirements of due process of law, proceeded
to hear this case *ex parte*, although the matter re-
ferred to as actively engaging the attention of the
only solicitor in this case for the defendants was
pending and actually proceeding until the time when
the defendants' solicitor appeared in this Court.

"(The Court): That motion is refused for these
reasons: In the first place, I am satisfied, as 1 have
already stated at the opening of this hearing, that
you have been moving as far as you could for vexa-
tious delay in this case. I think it would be sub-
versive of necessary discipline in the conduct of
Courts to reopen this case now under the circum-
stances. I think it would be unfair to the oppos-
ing parties and their witnesses who attended and
waited here all day to now take up the case and re-
open it and necessitate their remaining in Court
away from their homes another day, because the case
could not be concluded today if now taken up."

Conceding this outline of the proceedings to be correct,
which we have felt to be necessary to a proper understanding
of the case, it is difficult to perceive upon what ground or
reason a contention can be based, that the appellants were
denied or deprived of due process of law in the trial of the
case under the facts herein stated.

Rule 11 of the Circuit Court No. 2 of Baltimore City, pro-
vides as follows: "The absence of counsel shall not be con-

sidered as a ground for postponement of a hearing unless caused by sickness or unless counsel are engaged in the trial of a case in some other Court in Baltimore City or in the Court of Appeals and when two or more solicitors appear for a party the sickness or engagement of one shall not be a ground of postponement."

In this case the Court suspended its session and waited until the counsel for the appellants could conclude a case in the Baltimore City Court in which he and Mr. B. H. Hartogensis were joint counsel, and it was not until the conclusion of the trial of the case and after the retirement of the jury to reach a verdict in the Baltimore City Court that this case was called for trial. There was a sufficient time given the attorney for the appellants to appear and try the case, but he voluntarily absented himself from the trial and asserted a right to remain in another Court until such time as the jury would return with their verdict in that Court.

We, therefore, think the Court below acted clearly within its judicial discretion in refusing to grant the motion for a rehearing and its action in this respect will not be disturbed.

Finding no error in any of the rulings of the Court or in the orders appealed from the decree below will be affirmed.

*Decree affirmed, with costs.*