THE SAVAGE MANUFACTURING COMPANY *vs.* HENRY H. OWINGS.—*June* 1846.

Upon an application by petition to the county court to open a road, a commission was ordered, and the court adjudged the road to be opened. HELD, that an appeal did not lie from that decision.

Unless by express provision of some act of Assembly, an appeal will not lie in any case in which a writ of error would not lie.

The jurisdiction of the county courts, in opening roads, is not exercised by virtue of its general powers as a court of common law, but by virtue of a special delegation of power.

A writ of error will not lie to a court vested with special jurisdiction, and which does not proceed according to the forms of the common law.

Courts of law will incidentally enquire into the validity of the judgments of special jurisdictions, whenever such enquiry becomes necessary in the exercise of their ordinary powers.

APPEAL from *Howard District* court.

On the 27th September 1842, the appellee and others, filed their petition in the said court, stating, that they and others, were interested in having a road opened and straightened in *Howard District;* to begin at the junction of the old *Anne Arundel* county road with the *Columbia Turnpike,* near, &c., running through the lands of the appellant and others, to the *Washington Turnpike Road,* about five miles in length; that the public convenience directed, that the said road should be opened, &c., and made a public county road; that a road running almost exactly where it is intended this road shall run, has been used for a great number of years by a large proportion of the people of the neighborhood, as their road to church,

mill and market, they believing the same to be a public highway, until recently, an agent of the appellants threatened to hinder and obstruct some of your petitioners, and others, in the use thereof. Prayer, to open and straighten the road, for general relief, and a commission, as directed by the acts of Assembly.

A commission was issued, and the route of the road surveyed; reported favorably upon, &c., and returned to the court.

The appellants filed a *caveat* against the confirmation of the commissioner's return; but the court, on the 11th March 1844, confirmed the report, and adjudged the road to be opened and straightened. The appellants then moved the court to strike out the judgment of confirmation, and suggested a variety of grounds for their motion; all of which the district court overruled; and from all which they appealed to this court.

The cause was argued before Archer, C. J., Chambers and Martin, J.

By N. Williams for the appellants, and
By N. Brewer, of J., and A. Randall for the appellee.

Chambers, J., delivered the opinion of this court.

By the statute law of this State, an appeal is authorised, as a more convenient and less expensive mode than the writ of error, by which to take the proceedings of a common law court, or court of equity, into the Court of Appeals for revision. Unless by the express provision of some act of Assembly, an appeal will not lie, in any case in which a writ of error would not lie.

It is not claimed, that in relation to the case before us, there is any express provision, by act of Assembly, authorising an appeal.

Jurisdiction of this proceeding is not exercised by the county court, in virtue of its general powers, as a court of common law; it is vested by a special delegation of power, and by the terms of the act which confers it, to be exercised, not according to the forms and course of the common law, but in a special and peculiar mode.

Savage Man. Co. *vs.* Owings.—1846.

Very many instances occur in our statutes, of such peculiar jurisdiction confided to the county courts, occasioned, without doubt, in part from the fact, that the personal and local information of the judges, qualified them to hear and decide such cases with singular advantage.

Where, from the probable occurrence of legal difficulties, or from other causes, the legislature deemed it proper that the decision should be revised in the superior court, it has been so expressly declared, as in the case of trials upon allegations of fraud against an insolvent petitioner, or upon issues from the orphans court, and other instances.

This peculiar jurisdiction, is, in some instances, conferred also upon inferior tribunals, not considered as courts of common law, in any respect. Thus the power to open, alter, and close public roads, has been given to the levy courts, in some of the counties, concurrently with the county courts; surely no writ of error would avail, to bring before us the proceedings of a levy court, and yet if the legislature had considered it wise to provide for an appeal from the levy court to this court, in such a case, it would only be in analogy to other instances.

It is a general and sound rule, that a writ of error will not lie to a court vested with special jurisdiction, and which does not proceed according to the forms of the common law.

The courts of law will, of course, incidentally enquire into the validity of the judgments of such special jurisdictions, whenever such enquiry becomes necessary in the exercise of their ordinary powers, and it is only in this incidental mode, that their validity may be questioned.

This not being a case in which a writ of error would lie, and the act of 1818, chap. 89, being silent as to an appeal, we think the motion to dismiss must prevail.

APPEAL DISMISSED.