FREDERICK C. MEYER *vs.* CHARLES C. STEUART, Trustee, and HELEN STEUART, and others. CHARLES C. STEUART, Trustee, and HELEN STEUART, and others *vs.* FREDERICK C. MEYER.

*Orders from which an Appeal will not lie—Art. 81, sec. 51, of the Code—Act of 1874, ch. 483—An Appeal not taken in time.*

An order simply giving leave to parties interested, to file a bill of review of an order ratifying a collector's sale of real estate, passed under section 51, of Article 81, of the Code, as re-enacted by the Act of 1874, ch. 483, is not the subject of an appeal—such order deciding no matter of right, but being entirely interlocutory.

No appeal will lie from an order of the Court ratifying a collector's sale of real estate, passed under section 51, of Article 81, of the Code, as re-enacted by the Act of 1874, ch. 483—such order not being passed by the Court in the exercise of its general jurisdiction, but of a special authority; and the manner of its exercise being particularly described by the statute which makes no provision for an appeal.

An appeal entered on the 15th day of May, 1877, from an order of the Circuit Court of Baltimore City, passed on the 14th day of August, 1876, ratifying a collector's sale, could not be entertained, (even if the order were the subject of an appeal) not having been taken *within* nine months from the date of the order, excluding the day of the date of the order.

APPEALS from the Circuit Court of Baltimore City.

On the 12th of October, 1864, Helen Steuart, a minor, acquired by purchase the reversion in two parcels of ground, in the City of Baltimore. The owner of the leasehold interest in said property was Mrs. Mary Hanschert. On the 14th day of April, 1875, this property was sold at public auction, in fee, by the City Collector for alleged non-payment of State and city taxes, for the years

424 MARYLAND REPORTS.

Meyer *vs*. Steuart, *et al*. Steuart, *et al*. *vs*. Meyer.

1871 and 1874, and Frederick C. Meyer became the purchaser for $200.

This sale was reported by the Collector to the Circuit Court of Baltimore City, on the 4th day of August, 1875, and after the usual proceedings, the sale was by that Court finally ratified on the 14th day of August, 1876 The owners of the freehold and leasehold interests in said property, it was alleged, had no notice whatever of the time of the sale, and were ignorant of the fact that such sale had taken place until November, 1876. On the 16th of that month, Charles C. Steuart, as trustee, and Helen Steuart by said Charles, as her next friend, filed in said Court a petition, asking leave to file a bill of review.

Frederick C. Meyer, the purchaser, answered the petition, and asked that it might be dismissed as to him. Mrs. Hanschert and Philip Hanschert, her husband, also answered the petition, and claimed that they were entitled to have the proceedings in the matter reviewed, and the order of ratification rescinded, and the sale annulled.

On the 14th of May, 1877, the Court, (GILMOR, J.,) passed an order granting leave to the petitioners and to the respondents, Mary and Philip Hanschert, to file a bill of review. From this order Frederick C. Meyer, the purchaser, appealed. On the 15th of May, 1877, Charles C. Steuart, trustee, and Helen Steuart and Philip and Mary Hanschert took an appeal from the order finally ratifying the collector's sale.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ALVEY, J.

*Thomas R. Presstman* and *John Johnson*, for Frederick C. Meyer.

*Edgar H. Gans* and *John P. Poe*, for Charles C. and Helen Steuart, and Philip and Mary Hanschert.

ALVEY, J., delivered the opinion of the Court.

The appeal on the part of the purchaser, Meyer, must be dismissed. It is taken from an order of the Circuit Court of Baltimore City giving leave to parties interested to file a bill of review of an order ratifying a collector's sale of real estate, passed under section 51 of Art. 81 of the Code, as re-enacted by the Act of 1874, ch. 483. Without deciding any thing as to whether such an order is the proper subject of a bill of review, or a supplemental bill in the nature of a bill of review, or whether the more appropriate remedy would be an application by petition for a rescission of the order and a re-hearing on the merits, it would seem to be clear that the order simply giving the leave to file a bill of review is not the subject of an appeal to this Court. Such an order definitely decides no matter of right, but is entirely interlocutory; and it has been too often decided by this Court to be again the subject of review, that such orders are not the subjects of appeal. If authorities upon this question be needed, it is only necessary to refer to the cases of *Snowden vs. Dorsey*, 6 *H. & J.*, 114; *Hagthorp vs. Hook*, 1 *Gill & J.*, 270; *Claggett vs. Crawford*, 12 *Gill & J.*, 275; *Hill vs. Reifsnider*, 39 *Md.*, 429. This appeal, therefore, must be dismissed.

And we think it equally plain that the appeal taken by the petitioners, the owners of the property sold, directly from the order ratifying the collector's sale, must be dismissed. In passing the order appealed from the Court was not in the exercise of its general jurisdiction, but of a special authority; and the manner of its exercise is particularly described by the statute, and there is no provision made for an appeal to this Court. In such case, this Court cannot afford the right of appeal by construction; but the presumption is, if the right of appeal had been intended to be given, there would have been express provision for it. *Condon's Case*, 8 *Gill & John.*, 443; *Savage Manf. Co. vs. Owings*, 3 *Gill*, 497; *Carter vs. Dennison*,

7 *Gill*, 157; *Kinnear & Willis vs. Lee & Reynolds*, 28 *Md.*, 488.

In the *ex parte* case of the *Tax Sale of Lot* 172, 42 *Md.*, 196, the appeal was entertained; but it was purely an *ex parte* proceeding, brought to this Court for the purpose of having a question of apparent conflict between the local and the general law determined. The case was submitted by the attorneys for the City, the party appealing, and it does not appear that there was any other party represented or interested in the appeal; and there was no question of the right of appeal suggested, and the Court decided nothing in regard to it.

But, even if the order could be regarded as the subject of an appeal, the appeal in this case would have to be dismissed, because it was not taken in time. The order of ratification was passed on the 14th day of August, 1876, and the appeal therefrom was entered on the 15th day of May, 1877. As the appeal must be taken *within* nine months from the date of the order, by excluding the day of the date of the order, the appeal was entered one day too late. *Calvert vs. Williams*, 34 *Md.*, 672; *Heise vs. Trustees of the German Lutheran Church*, 44 *Md.*, 476; *Sheets vs. Selden*, 2 *Wall.*, 189.

*Appeal dismissed.*