EDWARD MARGRAFF, Collector *vs.* JAMES CUNNINGHAM'S HEIRS.

*Sale of Land for Taxes, where Division is practicable—Appeal.*

The power of a collector to sell land for taxes is not unlimited, as to quantity. His duty is to sell no more than is reasonably sufficient to pay the taxes and charges thereon, where a division is practicable without injury. This rule, outside of positive law, rests upon principles of obvious policy and universal justice.

No appeal lies from an order passed by a Circuit Court in a proceeding before it, not within its ordinary common law jurisdiction, but in the exercise of a special authority under a statute, which does not in terms authorize an appeal.

APPEAL from the Circuit Court for Garrett County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ROBINSON, IRVING and RITCHIE, J.

*Thomas J. Peddicord,* and *H. Wheeler Combs,* for the appellant.

*Gilmor S. Hamill,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Garrett County, setting aside a sale of lands made and reported by the appellant, Collector of Taxes. It appears by the record that in the year 1878, several tracts or parcels of land in Garrett County, were assessed as the property of James Cunningham's heirs, as follows:

| | | |
|---|---|---:|
| " Cheviot Dale," 4036 acres, assessed at | $10,090 | 00 |
| " Hunting Ridge," 116 "       "       " | 290 | 00 |
| " Mill Seat," 7 ".       "       " | 17 | 50 |
| Half-interest in Lot No. —, unknown, 100 acres, assessed at........................ | 125 | 00 |
| Buildings       "       "  ........................ | 100 | 00 |
| | $10,622 | 50 |

The amount of State and County taxes thereon for the year 1878, was $137.03.

In the year 1879, the same property was assessed at $8027.50, and the amount of State and County taxes thereon for that year, was $88.30.

These taxes being in arrear, the appellant, as collector, after taking the preliminary steps required by the *Act of 1874, ch.* 483, *secs.* 48 and 49, sold the whole of the three tracts or parcels of land above named, viz., " Cheviot Dale," containing 4036 acres, " Hunting Ridge," containing 116 acres, and " Mill Seat," containing 7 acres, for the sum of $301, and reported the sale, together with his whole proceeding to the Circuit Court, as required by

*sec.* 51, of *the Act* of 1874. The Circuit Court set the sale aside, "because the collector sold several thousand acres of land for two or three hundred dollars of taxes due thereon, instead of laying off a reasonable quantity of said lands, and selling the same for something like an approximate value." And in this, we think the Circuit Court was entirely right.

*Art.* 81 of the Code, after providing for the seizure and sale of lands by a collector for taxes, expressly provided in *section* 60, that "Nothing contained in the last preceding section shall authorize any collector to sell more of any tract of land than may prove sufficient to discharge the taxes and legal charges thereon due ; or to sell more of any lot of ground in any town or city, than may be sufficient to discharge the taxes and charges thereon due, unless the County Commissioners, or Appeal Tax Court, shall be of opinion that such lot will not admit of division without material injury to the owners thereof, and shall previously direct the collector to make sale thereof to the extent of the ground sold ; and unless an entry of such authority to such collector be previously made upon the minutes of the proceedings of such Commissioners, or Appeal Tax Court."

By *the Act of* 1874, *ch.* 483, Article 81 was repealed, and section 60 was not re-enacted, and from this it has been argued by appellant's counsel, that there is no obligation on the part of the collector to sell only a part of a tract of land, where a part would be sufficient to pay the taxes in arrear, and that he has no power or authority to have a portion laid off for that purpose, and we have been referred to " *The Matter of the Tax-sale of Lot No.* 172." 42 *Md.*, 196. In that case it was said, (p. 202,) "that *sec.* 60, of *Article* 81, could not apply to any future sale, as it has been repealed by the Act of 1874, ch. 383."

It must not be inferred from this expression, that the power of the collector to sell land for taxes, is unlimited

as to quantity. On the contrary, his duty is to sell no more than is reasonably sufficient to pay the taxes and charges thereon, where a division is practicable without injury.

In *Dyer vs. Boswell*, 39 *Md.*, 471, it was said that *Art.* 81, *sec.* 60, of the Code, "merely asserts a general principle, which is applicable to sales made by sheriffs and collectors, and has been often enforced upon grounds of equity and reason, which forbid such officers from selling in mass a whole tract of land, to pay a small sum of money, when the sale of one or two acres would be sufficient." On this subject, we refer also to *Blackwell on Tax Titles*, 317. The author cites *O'Brien vs. Coulter*, 2 *Blackf.*, 421, in which it was decided by the Supreme Court of Indiana, "where the statute was silent as to the quantity which might be offered and sold to pay taxes, that a sale of a greater quantity than was necessary to satisfy the tax, where the land was susceptible of a division, of a sale in smaller parcels, was illegal and void." "The Court after quoting the case of *Stead vs. Course*, (4 *Cranch*, 403,) which arose upon the construction of the Georgia statute, and approving of the decision of Judge MARSHALL, say : 'The rule must be the same without any positive law for the purpose. It rests upon principles of obvious policy and universal justice.'"

In the present case, as appears by the record, three several and distinct parcels of land were seized, one of 4036 acres, one of 116 acres, and one of seven acres, and all of them were sold by the appellant *en masse* for a gross sum.

Such a proceeding finds no justification either in reason or authority. It was the plain duty of the collector to offer the parcels for sale separately. It was an abuse of his power under the statute, to sell the whole together. The amount of taxes in arrear, with the interest and charges thereon, did not exceed $300. Judging from the

Margraff, Coll'r *vs.* Cunningham's Heirs.

assessment, it is probable the smaller parcel of 116 acres would have sold for enough to pay the whole amount; if not, then the mill seat of seven acres might have been sold, and if there was still a deficiency, and the largest tract was susceptible of a division, so much thereof might have been sold as was necessary. The rule being that only so much of any single tract should be sold as will reasonably suffice to pay the taxes, interest and charges.

There being no motion to dismiss this appeal, nor any objection made by the appellees, upon the ground that an appeal does not lie from the order of the Circuit Court in a proceeding of this kind; we have considered it proper to express our opinion on the merits of the case, which have been fully argued, in consequence of the importance of the question involved. At the same time, we consider it quite clear that no appeal lies in such case. In the case in 42 *Md.*, to which we have referred, no question was made as to the right to appeal.

The proceeding before the Circuit Court, in which the order was passed, was not within its ordinary common law jurisdiction, but in the exercise of a special authority under the statute, which does not in terms authorize an appeal. In such case, it is well settled no appeal lies. *W. & S. R. R. Co. vs. Conden*, 8 *G. & J.*, 443; *The Savage Man. Co. vs. Owings*, 3 *Gill*, 497; *Swann vs. Mayor, &c.*, 8 *Gill*, 150; *Webster vs. Cockey*, 9 *Gill*, 92; *Lammott vs. Maulsby*, 8 *Md.*, 5; *H. D. G. T. Pike Co. vs. N. C. R. R. Co.*, 15 *Md.*, 194; *Meyer vs. Stewart, et al.*, 48 *Md.*, 425.

If the appeal was properly before us, we would have no hesitation in affirming the order of the Circuit Court, setting the sale aside; but there being no appeal provided for by the statute, the same must be dismissed.

*Appeal dismissed.*

(Decided 28th February, 1882.)