## D. FRANK HULL, COLLECTOR, *vs.* THE SOUTHERN DEVELOPMENT COMPANY OF HAGERSTOWN.

*Taxation of Shares of Stock of Corporations—Property of the Corporation Not Liable to Distraint Therefor—Appeal from Order on Tax Collector's Sale.*

Under Code, Art. 81, sec. 141, the tax on shares of stock in corpora tions is due by the owners thereof, but the corporations are required to collect and pay it to the State and the Counties. *Held*, that upon failure to pay such tax due to a county, the property owned by the corporation itself cannot be levied on and sold under a distraint by the tax collector, but that the amount of the tax may be recovered by an action at law against the corporation.

In affirming or rejecting a tax collector's sale, the Circuit Court exercises a special jurisdiction and no appeal lies from its ruling, since none is provided for by statute.

Appeal from an order of the Circuit Court for Washington County (SLOAN, J.), setting aside tax sale reported in this case.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, ROBERTS, PEARCE and SCHMUCKER, JJ.

*Hy. Kyd Douglas*, for the appellant.

*R. B. Tippett*, for the appellee.

McSherry, C. J., delivered the opinion of the Court.

The Southern Development Company of Hagerstown is a body corporate.    It was charged on the assessment books of Washington County with county taxes on the shares of its capital stock.    These taxes being unpaid for the year eighteen hundred and ninety-five, the collector levied on its real estate and subsequently sold the same to satisfy the amount claimed to be due, not on the property sold, but upon the shares of its capital stock owned by its stockholders. The ratification of the sale was objected to on various grounds.    The sale was finally set aside by the Circuit Court and the Tax Collector then took this appeal.    A motion has been made to dismiss the appeal ; and though that motion must prevail for reasons that will be stated later on, we have been urged to express our views on the merits of the case.    As the question involved is of considerable import-ance and relates to the method to be pursued in the collec-tion of this class of taxes, we are led to examine and decide it, for it is not at all probable that it will ever again be more fully or thoroughly discussed at the bar than it has been in this case.

By *sec. 141, Art. 81 of the Code* as amended by the *Act of 1896, ch. 120*, it is in substance provided that the taxable value of shares of the capital stock of banks, corporations and joint stock companies shall be ascertained by deducting the assessed value of the real estate owned by the bank, corporation and joint stock companies from the aggregate value of all the shares and by then dividing the residuum by the number of the shares of the capital stock ; and the quotient is then declared to be the taxable value of each share for taxation by the State.    It is further provided by the same section that this valuation shall be certified to the County Commissioners of the counties and to the Appeal Tax Court of Baltimore, by the State Tax Commissioner, and that the taxable value of such shares owned by residents of this State shall, for county and municipal purposes, be valued to the owners thereof in the county or city in which

such owners may reside.   The section then continues : " but the taxes assessed upon said respective taxable values of such respective share or shares of stock, shall be collected from such bank, corporation or joint stock company, and when so paid shall be charged by such bank, corporation or joint stock company to the account of such stockholder or stockholders respectively."   It is quite apparent, and we have heretofore held in *U. S. Elec. Pr. Co.* v. *State,* 79 Md. 70, that this tax on the shares of stock is a tax not due by the corporation but by the individuals who own the stock, and that the corporation is, for the sake of convenience, made the agent of the State and the county to collect it. This being so, the question is, can the property actually owned by and really belonging to the corporation, but not charged with the payment of the tax assessed against the owners of the shares of the corporation's capital stock, be levied on and sold under a distraint to pay the tax which the statute imposes on the shareholder, but directs the corporations to collect ?   In other words, can the property of one person be summarily seized and sold to pay the taxes due by another, simply because the one is made the agent to collect the amount payable by the other ?

If the tax on the shares of stock is a tax due by the shareholder, then it cannot be pretended that the corporation is in any way liable for its payment, except in so far as the statute directs that it shall be collected from the corporation.   Apart from that provision, on the plainest and most fundamental principles, it could not be held answerable at all.   But the statute prescribes that the tax shall be collected from the corporation, though it nowhere authorizes a distraint to enforce that collection.   The power to distrain and sell for non-payment of taxes is given by other sections of the Code, *Art. 81, secs. 49, et seq.,* but it is obvious these sections have no relation to this particular and peculiar provision imposing upon the corporation the duty to collect for the State and the counties the tax payable by the shareholders on the capital stock owned by them.   This is made

perfectly clear by reference to the *Act of 1890, ch. 244,* which adds *secs. 88 a,* &c., to *Art. 81 of the Code.* By that Act a remedy is provided against the corporation if it shall neglect to pay the *State* tax due by the shareholders on their shares of the capital stock ; and the remedy thus provided is by suit against the corporation for the amount of the tax and a further sum added by way of a penalty. It is hardly supposable that an express enactment prescribing a suit at law would have been passed if the right to proceed in the more speedy and summary way by distress existed. The sole liability of the corporation grows out of the statutory duty to collect, and not out of its failure to pay a tax primarily due by it. The corporation owes the money to the county not as taxpayer, but as tax collector, and the prescribed process against the one is not available against the other. A failure to perform this imposed duty creates a cause of action which will justify a recovery in a proper form of action. As was said by this Court in construing this very statute in *Am. Coal Co.* v. *Co. Com. Al. Co.,* 59 Md. 197, " the statute having created the duty and obligation to pay, when the shares of stock are assessed to the individual owners, that duty and obligation on the part of the corporation may be enforced by a proper action at law—the plaintiff, in such case, showing the right claimed to be within the provisions of the statute. " Until a judgment is obtained against the corporation and an execution is issued thereon, the property owned by the corporation cannot be sold for the payment of the amount due to the county as the tax on the shares owned by the stockholders. A sale thus made would be a sale by the sheriff in virtue of legal process, and not a sale by the Tax Collector.

On the motion to dismiss it is only necessary to say that the authority conferred upon the Circuit Court to confirm or reject a Tax Collector's sale is a special, limited jurisdiction not exercised in virtue of the Court's general jurisdiction, and as no appeal from its rulings in these cases is provided by statute, none can be entertained. This pre-

cise point has been distinctly decided in *Margraff* v. *Cunningham*, 57 Md. 585.

If this case were properly before us we should have no hesitation in affirming the ruling of the Circuit Court, but as no appeal lies, the appeal which was taken must be dismissed.

*Appeal dismissed with costs.*

(Decided March 14th, 1899).