## ABRAHAM ROTH *vs.* THE STATE OF MARY- LAND.

*Forcible Entry and Detainer—Jurisdiction of Justice of the Peace— Appeal—Certiorari.*

Under the statute of *8 Henry VI.*, ch. 9, and *Code*, Art. 53, sec. 6, a . Justice of the Peace has jurisdiction to try a case of forcible entry and detainer without a jury, and to award restitution of the premises. In the case of a forcible entry the jurisdiction of the Justice is limited to the imposition of a fine, and the commitment of the accused until paid. In the case of a forcible detainer as well, the Justice may also award restitution of the premises. The defendant has a right of appeal to the Circuit Court from the judgment of the Justice, but the decision of that Court is final, and one from which no appeal lies to the Court of Appeals.

When the jurisdiction of a Justice of the Peace is attacked on the ground that the statute conferring it is unconstitutional, a writ of *certiorari* from the Circuit Court brings up the questions for review, and an appeal lies from the judgment of that Court to the Court of Appeals.

When the proceedings of a Justice of the Peace can only be reviewed upon *certiorari*, an agreement of counsel cannot dispense with it, nor can effect be given to an agreement that a record voluntarily transmitted by the Justice shall be treated as though it had been brought into Court by *certiorari*.

Writ of error to the Circuit Court for Washington County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*W. C. Griffith* (with whom was *D. C. Gilbert* on the brief ), for plaintiff in error.

*George R. Gaither, Jr., Attorney-General*, for the defendant in error.

McSHERRY, C. J., delivered the opinion of the Court.

This is a proceeding for forcible entry and detainer, and the record has been brought into this Court by petition as

upon writ of error. It appears by the record that on October the eleventh, eighteen hundred and ninety-eight, complaint upon oath was made to a Justice of the Peace of Washington County, that Abraham Roth, and five other persons, did unlawfully eject, expel and remove Sallie S. Hawken and Elizabeth Birkigt from certain premises whereof the latter were rightfully seized and possessed; and that the said Abraham Roth and the five other persons, with force and strength, did then detain the premises against the form of the statute in such case made and provided. Upon this complaint the Justice, on the same day, issued a warrant, addressed to a constable, commanding him immediately to apprehend the said Abraham Roth and the other parties named in the writ, and to bring them before the Justice forthwith, to be dealt with according to law. Abraham Roth and the others were apprehended, as appears by the return of the constable endorsed on the warrant. On the following day all the defendants were before the Justice, and he " did personally go and did find and see the aforesaid Daniel Roth, Robert Myers and Grayson Myers, detaining unlawfully, and with force and arms, the aforesaid messuages and premises against the form of the statute in such case made and provided;" and being " satisfied by evidence taken on the spot that Abraham Roth was assisting, counselling and advising in the aforesaid unlawful and forcible detention," it was considered and adjudged by the Justice "that the aforesaid Abraham Roth, &c., are convicted by my own proper view of detaining with strong hand and forcibly the messuage and premises aforesaid, unlawfully and against the form of the statute made and provided." Thereupon a fine was imposed upon each of the defendants, and they were committed to jail in default of payment. A full record of the proceedings before the Justice of the Peace was filed by him in the Circuit Court for Washington County and the case was placed on the Criminal Appeals docket. Subsequently an application was made to the Circuit Court for Frederick County for a writ of *habeas corpus.* The

writ was issued and Abraham Roth and the other parties were discharged from custody five days after being committed. On December the fifth, eighteen hundred and ninety-eight, a motion to quash the conviction was filed in the Circuit Court for Washington County, and two days later an agreement was entered into between the State's Attorney and the counsel for the parties to treat the record sent up by the magistrate as though it had been brought into the Circuit Court by a writ of *certiorari.* On March the twenty-third, eighteen hundred and ninety-nine, the Circuit Court overruled the motion to quash the conviction, and in consequence of this ruling the record has been brought into this Court as upon writ of error. In the petition for the transmission of the record to this Court, it is alleged that the Justice had no jurisdiction to impose a fine upon Roth or to commit him to prison; that his conviction was in violation of the Constitution and laws of the State, and that it does not appear on the face of the conviction that there had been an unlawful entry proven to the satisfaction of the Justice. The petition prays that the record be sent into this Court, so that the Court of Appeals " may determine whether said Justice of the Peace did or did not act within his jurisdiction."

As the parties were all released from custody by the Circuit Court for Frederick County under the writ of *habeas corpus,* it has not been suggested that any practical question arises out of the refusal of the Circuit Court to quash the conviction, inasmuch as it does not appear that the parties are still in possession of the premises. But passing this by, we proceed to determine whether there is any subject before us for review. If the Justice of the Peace had jurisdiction to hear and determine the case before him, this Court obviously has no authority to review either his judgment or the order of the Circuit Court on appeal from him. For the correction of any error committed by him, if he possessed jurisdiction in the premises, the law has provided a remedy by allowing an appeal to the Circuit Court, and

the decision of that tribunal upon such appeal is final and conclusive. *Clark* v. *Vannort*, 78 Md. 218. If the jurisdiction of the Justice be assailed on the ground that the statutes conferring it are unconstitutional, a writ of *certiorari* founded on that specific ground would open the question for review by this Court on appeal from the Circuit Court. *Judefind* v. *State*, 78 Md. 510.

The inquiry then is, did the magistrate have jurisdiction in the premises? Forcible entry and forcible detainer are two distinct offences. *Lord Prop.* v. *Brown*, 1 H. & McH. 428. Force is an ingredient of each. In the former the power of the Justice of the Peace was limited to the imposition of a fine and the commitment of the accused until the fine be paid; in the latter, restitution of the premises could be awarded by the Justice to the owner after the conviction. The statutes of Richard relate to forcible entry, that of Henry the VI. to forcible retainer. Under the statutes of Richard the Justices cannot proceed in case of forcible entry, unless they have an actual view of the continuing force; but where there is no continuing force they have authority under *8 Henry VI.* to inquire into the offence by a jury, and if force be found, to award restitution. But now, under the Code, a jury is dispensed with; the Justice may proceed alone, because under *Sec. 6, Art. 53, of the Code*, the proceedings relating to a tenant holding over " shall apply, as far as may be, to cases of forcible entry and detainer," and *Secs. 4 and 5* of the same article provide for dispossessing a tenant by a magistrate without the aid of a jury, but give a right of appeal to the Circuit Court, where a trial by jury may be had. It is said that the record upon view of forcible entry under Richard II. is returnable into the County Court—now the Circuit Court— but is not traversible, as the Justices act as Judges. *Dr. Bonham's case*, 8 Rep. 121 *a.* If conviction be only of forcible detainer upon view, it is traversible under Henry VI. by him who had been three years in quiet possession. *R.* v. *Layton*, 1 Salk. 353; *R.* v. *Winter*, 2 Salk. 587;

*Alex. Brit. Stat.* 188. But there is little use in exploring the ancient lore upon this subject. The proceedings in this case were for forcible entry and detainer, as in *Lord Prop.* v. *Brown, supra.* The accused were merely fined and committed for the non-payment of the fine. Upon appeal to the Circuit Court they had the right to a trial by jury as to whether they forcibly detained the premises, and they still have that right. Upon such a trial the judgment of the Circuit Court will be final, as held in *Clark* v. *Vannort, supra.* Had the record of the magistrate's proceedings been brought into the Circuit Court by *certiorari,* that Court would have had authority to award restitution on the conviction of forcible entry even though the conviction of forcible detainer had been quashed. *Lord Prop.* v. *Brown, supra.*

In the case at bar there was no judgment restoring possession and no warrant issued directing the sheriff to dispossess the alleged forcible occupants. The Justice had undoubted jurisdiction to proceed in the summary way he did. The information on oath disclosed a state of facts which gave him jurisdiction. The offending parties were arrested under the warrant issued against them. They were before the Justice, who convicted them on view and on the evidence adduced, and he had authority to fine them. The subject-matter and the parties were, on the face of the proceedings, within his jurisdiction. If he made an error of judgment, or reached a wrong conclusion on the facts in evidence, that did not oust his jurisdiction—it did not deprive him of the jurisdiction which the information on oath vested him with. For the correction of such an error the Circuit Court was clothed, by the Code, with ample authority on appeal; and its decision on such a question cannot be reviewed by this Court. The overruling of the motion to quash the conviction has not disposed of the case on its merits. It is still pending on the appeal docket of the lower Court. In this case we have no power to determine whether the magistrate decided rightly or wrongly; we have authority only, when the case is prop-

erly before us, to determine that he had a right to decide on the case presented by the information and warrant.

The agreement between the State's Attorney and the counsel for Roth cannot take the place of a writ of *certiorari*. That writ is not one which issues as a matter of course. It cannot go out without an order of Court. The Clerk has no power to issue it without such an order. *Gaither* v. *Watkins*, 66 Md. 576. Consent of counsel will not authorize its issue ; and, of course, an agreement to dispense with it altogether will not make its absence identical with its presence.

As the magistrate had jurisdiction to act, there is nothing before us for review, and the writ of error will be quashed.

*Writ of error quashed with costs.*

(Decided June 21st, 1899).