This is the third appeal in this case. The first is reported in120 Md. 128, and the second, in 122 Md. 660.
The facts and principles of law controlling the case were fully stated in the opinions filed and reported, on the former appeals, and need not be repeated in this case.
The proceedings relate to the condemnation of a crossing for railroad purposes at Columbia avenue, in Hyattsville, Prince George's County, in the matter of the petition of the Washington, Westminster and Gettysburg Railroad Company, the appellee here, and the Mayor and Common Council of Hyattsville, the appellant.
The proceedings of condemnation were instituted in the Circuit Court for Prince George's County, under the Act of 1912, Chapter 117, regulating the procedure for the acquisition of property for public use by condemnation, and on October 22d 1913, it was determined that the appellee was entitled to condemnation of so much of Columbia avenue as was prayed in the original petition, for the purposes of a railroad crossing. The judgment or order of condemnation was affirmed by this Court on the second appeal, in122 Md. 667, in a very clear and full opinion by CHIEF JUDGE BOYD, covering the entire subject matter and the various contentions of the parties.
Subsequently the appellee obtained the permission and approval of the Public Service Commission, of the State, as required by section 438 of Article 23 of the Code, as to the manner and the method of the crossing, as will appear by the order of the Commission, set out in the record.
Afterwards, on the 23rd of June, 1914, the appellee petitioned the Court for the appointment of appraisers to assess the value of the land condemned, under section 5, Chapter 117 *Page 579 
of the Acts of 1912, and a copy of the petition was served upon the defendant.
Certain objections were filed on the part of the defendant to the appointment of any appraisers whatever, but the Court below, after a hearing on the petition, overruled the objections and on the 7th day of July, 1914, by an order of that date appointed three appraisers pursuant to the provisions of section 5, Chapter 117 of the Acts, with certain directions, which will appear from the order set out in the record.
Subsequently, the defendant filed a motion to strike out the order of July 7th, appointing the appraisers, and this motion upon hearing was overruled, by the Court below, on the 17th of July, 1914. And this appeal, is from the order of Court, appointing the appraisers, and also from an order of Court, overruling the defendant's motion to strike out the previous order of July 7th, 1914, appointing the appraisers.
A motion to dismiss this appeal has been made upon the ground: first, that the appeal is without warrant of law, and second, because the Act of 1912, Chapter 117, under which these proceedings were had, does not provide for an appeal from an order of Court appointing appraisers.
As we are of opinion that the motion to dismiss must prevail, it will not be necessary to consider the other questions discussed in the appellant's brief, and sought to be raised on the record now before us.
By Chapter 117 of the Acts of 1912, a new article was added to the Code of Public General Laws of 1904, to be known as Article 33A, "Eminent Domain." This Act prescribes and regulates the procedure for the acquisition of property for public use by condemnation and provides that the proceedings therefor shall be before a jury in Court, instead of before a sheriff's jury.
By section 5 of the Act, it is provided that immediately upon the expiration of the time for appeal from any judgment that the property be condemned or in case of such appeal upon such judgment being affirmed and remanded, the lower Court shall appoint as appraisers three inhabitants of *Page 580 
the city or county where such property is situated, not in anywise interested in the property to be condemned, nor related to the owner or owners thereof, etc., etc.
By section 6, it is provided, that from any judgment that the property be condemned, or dismissing the petition, an appeal may be taken to the Court of Appeals within ten days after the entry of said judgment, but not afterward, and the record shall be sent up to the Court of Appeals within thirty days after the entry of the appeal.
It will be thus seen that the statute under which these proceedings were had, does not provide for an appeal from an order of Court appointing appraisers.
The jurisdiction of the Circuit Court for Prince George's County, in proceedings of this kind is a special and limited one and entirely distinct and independent of its common law powers.
No appeal lies to this Court from the action and determination of the Circuit Courts in cases of this kind, if they meet the requirements of the law as to statutory jurisdiction, unless expressly given by statute. It is well settled that the action of a tribunal with limited statutory power from which no appeal is given, is final and conclusive, if such action does not exceed the jurisdiction conferred by the statute, and cannot be reviewed by this Court. Jackson v. Bennett, 80 Md. 76; Moores v.Bel Air Water Co., 79 Md. 391; Arnsperger v. Crawford,101 Md. 248; Josselson v. Sonneborn, 110 Md. 550; N.Y. MiningCo. v. Midland Co. 99 Md. 506.
The Circuit Court clearly had jurisdiction under the statute in this case to make the appointment of appraisers and there is nothing in the record to show it exceeded its jurisdiction in so doing, consequently its action in this respect cannot be reviewed in this Court. For the reasons stated, the appeal will be dismissed.
Appeal dismissed, with costs to the appellee. *Page 581