WILLIAM J. SHANNAHAN, Treasurer of Harford
County,

*vs.*

DAVID L. MAULSBY, FLORENCE G. MAULSBY and
ELAINE W. MAULSBY.

*Courts of special jurisdiction: no appeal.   Tax appeals: Har-
ford County.*

The jurisdiction conferred in tax cases on the Circuit Court
for Harford County by Chapter 128 of the Acts of 1912, is
statutory, special and limited, and not inherent by virtue of its
common law jurisdiction.                          p. 494

Where lower courts exercise a special, limited jurisdiction,
conferred by statute, no appeal lies from its decisions in such
cases, unless expressly given by statute.          p. 495

*Decided December 13th, 1916.*

Appeal from the Circuit Court for Harford County.
(Harlan, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Briscoe, Burke, Thomas,
Pattison, Urner and Stockbridge, JJ.

*H. A. Whitaker* and *S. A. Williams* (with whom was *M. H. Fahey* on the brief), for the appellant.

*John S. Young,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Chapter 128 of the Acts of 1912 was passed for the purpose, of simplifying and facilitating the collection of taxes in Harford County. It repealed all antecedent general or local laws inconsistent with the provisions contained in the Act.

Sections 262L and 262M contained provisions directing the method of procedure for the sale of property for unpaid taxes; provided that the county treasurer should, thirty days after such sale, make report to the Circuit Court for Harford County, which Court was charged with the duty of examining the proceedings, hearing objections, if any, made to the sale; given power to ratify and confirm all sales, or to set aside a sale and direct a new one; and further provided that, "for the purpose of making a just distribution of the proceeds of any sale ratified and confirmed the said Court may pass all such other or subsequent orders as may be just and equitable, and shall have as full and complete jurisdiction as though it were sitting as a Court of Equity."

No appeal whatever to this Court is provided by this statute in any of the cases which might be brought before the Circuit Court for the county.

The jurisdiction thus conferred upon the Circuit Court for Harford County was a statutory, special and limited jurisdiction, not one inhering in it by virtue of its common law jurisdiction.

Acting under the provisions of this Act, on the 22nd April, 1915, the Treasurer of Harford County made a report to the Circuit Court of certain sales made by him on the second Monday of April, among which was the property of which David L. Maulsby had been seized and possessed in his life time.

Objections to the ratification of the sale were made by the heirs of Mr. Maulsby, which objections were, after hearing, overruled. The objectors then filed a petition with regard to the distribution and application of the moneys which had been paid for the purpose of redeeming the property sold from such sale.

By its order of May 8th, 1916, the Circuit Court directed the disposition of the proceeds of sale, charging against the money paid into Court the taxes, for the non-payment of which the sale had been made, interest thereon, and certain costs and expenses incident to such sale, and directing the payment over of the balance to the heirs of David L. Maulsby.

The Court disallowed and rejected some claims presented by the county treasurer for expenses incurred, and it is from that order this appeal has been taken.

A motion has been made to dismiss the appeal, and that will be the matter for first consideration.

In the case of *Lammott* v. *Maulsby,* 8 Md. 5, the rule was laid down that where an inferior Court exercises a special, limited jurisdiction conferred by statute, no appeal lies from its decision in such cases to this Court, unless the right is expressly given by statute. The rule so stated was not new. It has been previously announced in *W. & S. R. R. Co.* v. *Condon,* 8 G. & J. 445; *Savage Mnfg. Co.* v. *Owings,* 3 Gill, 497; *Williams* v. *Williams,* 5 Gill, 88; *Carter* v. *Dennison,* 7 Gill, 157; and was subsequently re-affirmed in *Baltimore & Havre de Grace Turnpike Co.* v. *N. C. Ry. Co.,* 15 Md. 193.

The rule has been applied in a wide variety of cases where an appeal was sought to be taken from the action of a Court in the exercise of a purely statutory power, where the statute had not expressly given any right of appeal. In *Worthington, Administrator,* v. *Herron,* 39 Md. 147, it was applied to an appeal which was sought to be taken from an action of the Orphans' Court; in *Meyer* v. *Steuart,* 48 Md. 423, it was

an attempt at an appeal from an order of Court ratifying a tax collector's sale of real estate, and the same was true in *Margraff* v. *Cunningham's Heirs,* 57 Md. 585. In these last two cases it was held that in the case of a sale, of land for taxes, the Court in ruling upon an objection to the ratification was exercising a special, limited power, not one within its ordinary common law jurisdiction, and that no appeal from its action was maintainable, where the statute did not in terms authorize an appeal.

The same rule has been applied in condemnation cases. *N. Y. Mining Co.* v. *Midland Co.,* 99 Md. 506; and *Hyattsville* v. *W. W. & G. R. R. Co.,* 124 Md. 577.

Attention has already been called to the fact that the Act of 1912 makes no provision for any appeal to this Court, and since by a long and uniform line of decisions, where, as in this case, the power exercised by the Court was a special, statutory and limited jurisdiction, no appeal can be maintained.

*Appeal dismissed, with costs.*