WILLIAM F. LUDWIG AND MARY LUDWIG,
HIS WIFE,

*vs.*

COUNTY COMMISSIONERS OF BALTIMORE
COUNTY.

*Circuit courts: special jurisdiction; no appeal unless specially
conferred.   County commissioners: Baltimore County;
sewerage system; powers of Board of Health.*

If a Circuit Court acts under a special and exclusive juris-
diction, the judgment is final and conclusive, and no appeal
lies therefrom, unless the right of appeal is expressly given by
statute.                                              p. 355

But if County Commissioners, in the exercise of special pow-
ers conferred upon them, exceed their jurisdiction and fail to
comply with the requirements of the statute, an appeal from
their action lies to the Circuit Court and to the Court of Ap-
peals, even though no appeal from the Circuit Court to the
Court of Appeals be expressly given.                  p. 355

In this case, the proceedings of the County Commissioners of
Baltimore County, undertaken to install and put in operation
a sewerage area in the vicinity of Arlington, as directed by the
State Board of Health, by virtue of the powers conferred by
Chapter 810 of the Act of 1914, were held to be regular and
valid.                                                p. 356

*Decided June 28th, 1917.*

Appeal from the Circuit Court for Baltimore County. (McLane, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J. Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*A. P. Shanklin,* for the appellants.

*T. Scott Offutt* and *Edward H. Burke,* for the appellee.

Briscoe, J., delivered the opinion of the Court.

On October 23rd, 1914, the State Board of Health of Maryland, by virtue of the power conferred upon it by Chapter 810, Acts of 1914, of the General Assembly of Maryland, directed the County Commissioners of Baltimore County to instal and put in operation, a sewerage system, within what was designated as "the Arlington and Vicinity District" as described on a plat attached to the order.

The Arlington area, it is stated, includes a part of Baltimore County lying north and adjacent to the City of Baltimore. Topographically it is divided into two drainage areas by a natural watershed. One area drains into Jones Falls, a stream taking its rise in the northern part of Baltimore County and flowing into and through the City of Baltimore. The other drains naturally into a small stream known as Peck's Run, which is a tributary of Gwynn's Falls, which also flows through Baltimore City.

The Act of 1914, Chapter 810, was before this Court for consideration in *Welch* v. *Coglan,* 126 Md. 1, and the constitutionality of the Act was upheld and sustained.

The validity of a similar order, as in this case, was passed by the State Board of Health and the power and authority of the County Commissioners to execute and carry into effect such order, were passed upon and fully recognized in *Welch* v. *Coglan, supra,* so these questions are no longer open for discussion in this Court.

The proceedings for the purpose of providing funds for the construction and establishing of the sewerage system here in question, were instituted and had under and by virtue of the power and authority vested in the County Commissioners of Baltimore County, by Chapter 157 of the Acts of 1912, as amended by Chapter 804, of the Acts of 1914, and Chapter 197 of the Acts of 1916.

The method and machinery adopted and pursued by the County Commissioners are set out in full in the record and from an order of the County Commissioners passed on the 22nd day of November, 1916, overruling the defendants' exceptions to the award of the examiners, in the assessment of benefits and the award of damages in the construction of the sewerage system, and confirming the same, an appeal was taken to the Circuit Court of Baltimore County.

It appears from the record, that the result of the proceedings, in the Circuit Court of Baltimore County, was as follows: "The motion to quash was submitted to the Court, and was overruled. Thereafter, the appellant refused to proceed further with his case, and Mr. Offutt made a motion to dismiss the appeal and affirm the order of the County Commissioners. The motion was granted, the Court stating that it would pass an order affirming the order of the County Commissioners."

From the judgment and order in the case, this appeal has been taken.

A motion has been filed by the appellee to dismiss this appeal upon the ground, first, that the appellants have no right of appeal from the judgment of the Circuit Court of Baltimore County, and, second, because this Court is with-

out jurisdiction to review the rulings of the Circuit Court on the record in this case.

By reference to the various Acts of Assembly referred to herein, it will be seen, that no right of appeal is specially given by the statutes to the Court of Appeals from the Circuit Court of Baltimore County, in the proceedings provided therein.

By Chapter 157 of the Acts of 1912, sec. 132M, it is provided that the Commissioners shall have full power and authority to provide by regulation, * * * for the taking of any private property or property rights of any kind which may reasonably be necessary for any of the purposes specified in this Act, including the acquisition of property or property rights for the disposition of sewage, provided, however, that such regulations shall contain appropriate provisions for notice to the owner or owners of such property or rights, an opportunity to be heard and the payment of compensation for property or property rights so taken, and also for an appeal by such owner to the Circuit Court for Baltimore County, with the right to a jury trial on issue of fact involved in such taking; and said commissioners shall also have full power and authority likewise to provide for ascertaining what amount of actual benefit will accrue to the owner or possessors of any ground or improvements within said county by reason of the construction or enlargement of such sewerage system or systems, and to provide for assessing and levying the cost of such work in whole or in part upon the owners of property so benefited to the extent of such benefit, and for collecting the same, such assessment to be made only after notice, with an opportunity to be heard and the right of appeal as aforesaid, and when so made, to be a lien upon the property of the person so assessed until paid, and to be recoverable as county taxes are.

By Chapter 197 of the Acts of 1916, providing for the construction and establishment of sewers, sewerage systems, etc., in Baltimore County and providing the ways and means

therefor, etc., an appeal is provided from the assessment or award made by the County Commissioners to the Circuit Court for Baltimore County, and upon the trial of such appeal the Court shall give such judgment in the matter as may be proper, and the assessment for benefits and the awards for damages, to the extent the order is affirmed shall become final and shall be collected and shall become due and payable as provided by the statute.

It is well settled law in this State, that if the Circuit Court in this case acted under a special and exclusive jurisdiction its judgment is final and conclusive, unless the right of appeal is expressly given by statute.

In *W. & S. R. R. Co.* v. *Condon,* 8 G. & J. 448, it is said, there is no appeal expressly given to the Court of Appeals under the Act of Assembly investing the county courts with the power of hearing and setting aside inquisitions like the present. It is a special limited jurisdiction given to the county courts, from the decision of which no appeal lies to any other tribunal. *Savage Mfg. Co.* v. *Owings,* 3 Gill, 498; *Margraff* v. *Cunningham,* 57 Md. 585; *Wells* v. *Thomas,* 72 Md. 26; *Hull* v. *Southern Development Co.,* 89 Md. 11.

While it is clear that this Court could not review the rulings or action of the Circuit Court, upon appeal, if that Court had jurisdiction, yet it is also well settled that if the County Commissioners exceeded their jurisdiction conferred by the statute, and failed to comply with the essential requirements of the statute, an appeal lies to this Court, from the action of the Circuit Court. *Greenland* v. *Harford County,* 68 Md. 59; *Smith* v. *Goldsborough,* 80 Md. 49; *Cumberland R. R. Co.* v. *Martin,* 100 Md. 165; *Montgomery County* v. *Henderson,* 122 Md. 533.

This brings us to a closer examination of the statutes and the correctness of the procedure adopted and followed by the County Commissioners thereunder.

The objections raised by the appellant upon the motion to quash, it will be seen, upon a careful examination of the record, appear to be more technical than real, and even, if they

could be considered, would not have injured or prejudiced the rights of the appellant under the proceedings in this case. They are as follows:

1. Because the County Commissioners did not give notice by publishing the petition of the fifty taxable inhabitants as required by statute.

2. Because the petition was not signed by fifty taxable inhabitants as the statute required.

3. That the Court below committed reversible error in refusing to admit evidence to show that of the fifty petitioners, eleven, when they signed it, were not taxable inhabitants.

The rules and regulations adopted by the County Commissioners of Baltimore County relating to the installation of the sewerage system were approved by the order of the State Board of Health. They were adopted by the County Commissioners on August 6th, 1914, and were passed under the authority of Chapter 157 of the Acts of 1912, and these ordinances were subsequently ratified and sanctioned by Chapter 197 of the Acts of 1916.

These Acts were a valid exercise of legislative power and are free from any constitutional objection urged against them. *Welch* v. *Coglan,* 126 Md. 1, and cases there cited.

The proceedings of the County Commissioners were conducted in strict conformity with these statutes, and the essential requirements of the statutes were in substance fully complied with, and the irregularities complained of were not such as to avoid or to justify the Court in striking down the proceedings.

The record in the case discloses the fact that the proceedings before the Commissioners were conducted with great care, and the statutes followed with unusual particularity.

We have examined the record with care, and the various questions presented by the very full and carefully prepared brief filed by the counsel for the appellee, in so far as they are before us on this appeal, and must determine there is nothing in the objections urged by the appellant to render

the proceedings void, certainly so far as they affect any juris-
dictional questions.

There were certain exceptions taken to the rulings of the
Court upon testimony upon the motions to quash the assess-
ment, but they are not presented by bills of exceptions and
will not be considered by us.

It follows from what has been said that the County Com-
missioners and the Circuit Court of Baltimore County had
jurisdiction in this case, and the judgment of the Circuit
Court being final under the statute, this Court is without
authority or jurisdiction to review the action of the Court
below.

If the appeal was properly before us we would have no
hesitation in affirming the action of the Circuit Court and
the order appealed from herein.

*Appeal dismissed, with costs.*