JOSEPH L. RUTH *v.* ALFREDO DURENDO.

[No. 87, October Term, 1933.]

84

*Decided January 17th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Emil Budnitz,* submitting on brief, for the appellant.

*Howard L. Aaron,* with whom were *Samuel J. Aaron, Irvin Davison,* and *Emanuel G. Carton,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On December 15th, 1920, A. M. Bryant, a justice of the peace of the State of Maryland in and for the City of Baltimore, in an action pending before him, rendered a judgment

in favor of Alfredo Durendo against Joseph L. Ruth, for fifty dollars and costs. Later the judgment was recorded in the office of the clerk of the Superior Court of Baltimore City, and on December 4th, 1932, a writ of *scire facias* issued out of that court to revive it. The defendant filed three pleas to the writ: (1) *Nul tiel record;* (2) that the justice of the peace was "without jurisdiction to render a judgment on the subject matter of said suit"; and (3) payment. The plaintiff by way of replication "joined issue" on those pleas, a replication which was accepted as sufficient by the defendant, the case tried upon those pleadings before the court without a jury, and at the conclusion of the evidence a verdict was returned for the plaintiff for $93.51. A motion for a new trial was filed and overruled and judgment entered on the verdict. From that judgment the defendant appealed. The principal ground for the appeal is that the magistrate who rendered the original judgment was without jurisdiction because the claim which he adjudicated involved the title to real estate, and that for that reason the verdict of the trial court should have been for the defendant. Appellant also contends that the court erred in its rulings on evidence.

To prove his case, the plaintiff, without objection, offered the docket in which the judgment was recorded; but the record in this court contains nothing more than a bare statement that the docket showed the rendition of the judgment and its date. It will be assumed, in view of the ruling of the court and the absence of any showing to the contrary, that it was the same judgment as that described in the writ of *scire facias,* and that there was no legally sufficient evidence to support the plea of *nul tiel record.* *Ellison v. Clayton,* 164 Md. 35, 163 A. 695.

Defendant then offered evidence to show that Durendo deposited with Ruth $500 to be applied to the purchase of real estate from one Voloshen, upon the understanding that if Ruth, who had contracted in his own name with Voloshen to purchase the property, was unable to consummate the sale, the money was to be returned. An examination showed that

Voloshen's title was defective, the proposed purchase was abandoned, and Durendo demanded the return of the money he had given Ruth. Ruth repaid all but $50, and Durendo's action against him, in which the judgment involved in this appeal was rendered, was to recover that balance.

Evidence was also offered to show that Anthony Dimarco, who appears to have acted as attorney for Durendo in the prosecution of the claim, and who died prior to the trial of this case, at some time after the judgment had been entered by the magistrate, had told Ruth that he had gotten the money from Voloshen; that Ruth had deposited $50 with Voloshen on account of the purchase of Voloshen's property, and that the reason he had not repaid Durendo was that Voloshen had refused to return that deposit, and that Ruth had agreed that Durendo should sue him, and that he would sue Voloshen, which was done, and that, when Dimarco had spoken and said that he had got the money from Voloshen, he meant Durendo's money, which Ruth had deposited with Voloshen, and which was the basis of Durendo's judgment against Ruth. Durendo denied flatly that he had ever received any payment or satisfaction of the judgment.

It is obvious that upon those facts no question of title to land was involved in the action before the magistrate in which the original judgment against Ruth was rendered, that it was merely a proceeding to recover a debt, and that the magistrate had jurisdiction to hear and decide it. No objection to the jurisdiction of the magistrate was made by the defendant, but on the contrary he agreed to the suit and "accepted the judgment." If the defendant had desired to test the jurisdiction of the magistrate, his remedy was by appeal to the Baltimore City Court (Code, art. 5, sec. 92; *Todd v. Frostburg,* 141 Md. 694, 119 A. 696), or by petition for a writ of *certiorari,* seasonably filed. *Roth v. State,* 89 Md. 527, 43 A. 769; *Shippler v. Broom,* 62 Md. 318; *Judefind v. State,* 78 Md. 512, 28 A. 405; *Crichton v. State,* 115 Md. 426, 81 A. 36. He invoked neither of those remedies, but permitted the judgment to rest unchallenged and unquestioned for nearly twelve years, and raises it now for the first

time as a defense to the writ of *scire facias*. It is well settled that a defendant cannot allege as a defense to a writ of *scire facias* any matter upon which he might have relied as a defense in the original suit (2 *Poe, Pl. & Pr.,* sec. 604; *Kemp v. Cook,* 6 Md. 307, Brantly's Ed. and notes; *Moore v. Garretson,* 6 Md. 447, Brantly's Ed. and notes), and while it has been held in some jurisdictions that as an exception to that rule the question of jurisdiction may be raised (24 *R. C. L.* 680), the better view seems to be that even it cannot be litigated on a *scire facias*.

The case of *Legum v. Blank,* 105 Md. 133, 65 A. 1071, is not in point, for it turned upon the fact that the title there was in dispute, while in this case there was no dispute as to the title.

The defendant offered no prayer or motion raising that question, but we have considered it because of the action of the court in allowing an exception to its oral ruling that there was no legally sufficient evidence in the case to show that the magistrate lacked jurisdiction.

The only other exception in the case relates to the refusal of the court to admit "the papers in evidence in the case of *Ruth v. Voloshen,* in the Baltimore City Court." The "papers" purport to report the proceedings in an action by Ruth against Voloshen in the People's Court of Baltimore City, in which a *non pros.* was finally entered. There was no proof that they constituted the record in that case or that they were authentic, and were for that reason alone properly excluded. Apart from that objection they were also irrelevant as *res inter alios acta.* Ruth had testified that, as a part of his understanding with Durendo, he (Ruth) was to sue Voloshen for $50. But the supposed record not only referred to a suit for $100, but to one which failed to determine whether in fact Voloshen was indebted to Ruth in any sum. Ruth had himself in his own name made the contract to buy Voloshen's property; Durendo's money had been paid to Ruth, upon the understanding that Ruth was to return it if the sale was not consummated. He did not return it, nor does the record support the inference that

Durendo's judgment against Ruth was conditioned upon Ruth's obtaining and collecting a judgment against Voloshen. So that Ruth's action against Voloshen had nothing to do with Durendo's action against Ruth.

There is, however, a more important question in the case —whether this court has jurisdiction to entertain the appeal at all.

It has been settled by repeated decisions that, unless granted by statute, no appeal to this court lies from the judgment of a court of record affirming or reversing on appeal therefrom the judgment of a justice of the peace (*Shippler v. Broom*, 62 Md. 319; *Main v. Fessler*, 89 Md. 470, 43 A. 917, 918), nor from the judgment or decision of such a court sitting in the exercise of a special statutory jurisdiction. *Hyattsville v. Wash., W. & G. R. Co.*, 124 Md. 580, 93 A. 151; *Shannahan v. Maulsby*, 129 Md. 495, 99 A. 671; *Ludwig v. Ballimore County*, 131 Md. 355, 101 A. 695. The right to have a *scire facias* on a judgment rendered by a justice of the peace, recorded in the offices of the clerk of the Supreme Court of Baltimore City, or in the circuit courts in the counties, is not an incident of the general jurisdiction of those courts, but a privilege created by statute [chapter 114, Acts 1890 (Code, art. 26, sec. 20)], and did not exist prior to the Act of 1890. The statute as now amended provides in part: "On all judgments or decrees in any court of law or equity, and on all judgments of justices of the peace recorded in the clerk's office of any court of law, an execution or attachment may issue out of such court or by the clerk thereof, at any time within twelve years from the date of the judgment or decree, or * * * provided, that at any time before the expiration of twelve years from the date of any such judgment or decree, or in case of the death or marriage of any defendant in the judgment, the plaintiff shall have the right to have a writ of *scire facias* to renew or revive the same, and on judgments of justices of the peace duly recorded in the clerk's office, such writ of *scire facias* may be issued out of the Superior Court of Baltimore City, or the circuit court for the county, as the case may be, as if said judgment

had been originally rendered by said court." The language quoted states that a *scire facias* may issue on a judgment of a justice of the peace recorded in the offices of the clerk of the Superior Court or in a circuit court in the counties "as if said judgment had been originally rendered by said court." That language must be construed in connection with the purpose of the Legislature, which was to give to the judgment creditor the same right to have a *scire facias* issued out of said courts on a magistrate's judgment recorded therein as he would have had on a judgment rendered by the court in which it was recorded. In the absence of that statute, he would have had no such right, because a judgment of a justice of the peace was not a judgment of a court of law (*Weikel v. Cate,* 58 Md. 105), and the mere recordation of it in such court would not have entitled him to that remedy. Obviously it was not the intention of the Legislature to change the character of the judgment from that of a justice of the peace exercising a limited jurisdiction to that of a court exercising a general jurisdiction. No appeal to this court lies from the judgment of such a court entered on an appeal from a judgment of a justice of the peace, because it would be entered in the exercise of an appellate and not an original jurisdiction. So it was held that no appeal lay from the judgment of the Baltimore City Court on an appeal from a judgment of the People's Court of Baltimore City in a *scire facias* case. *Wilmer v. Bagnelle,* 150 Md. 696, 137 A. 916. The statute which allows appeals "from any judgment or determination of any court of law in any civil suit or action," Code, art. 5, sec. 2, would therefore not apply to the original judgment, and for the same reason would not apply to the judgment on a writ of *scire facias* issued out of a court of general jurisdiction on the original judgment after it had been recorded in the office of the clerk of such court. For the judgment on the writ of *scire facias* is not a new judgment, but a mere continuation of the original judgment (*Latrobe's Justice,* sec. 590; 24 *R. C. L.* 667; *Coe's Edition, Alexander's Br. Stat.,* 194, note 1), and it cannot be supposed that the revived judgment would have any other or different qualities than

the original, or that the statute means anything more by the words quoted above than that the writ should issue out of the courts named on magistrates' judgments recorded in the offices of the clerk of such courts, as on any judgment entered by such courts in the exercise of their original jurisdiction. It certainly did not mean that the judgment in any such action should differ in its qualities or incidents from the original judgment, or that, although a party to the proceeding could not appeal from a judgment of a circuit court entered on an appeal from the judgment of a justice of the peace in a *scire facias* proceeding, he could appeal from the judgment of the same court on a *scire facias* proceeding to revive the identical judgment, merely because it was recorded with the clerk of that court.

To such a contention what was said by Judge McSherry in *Main v. Fessler* is applicable: "As the circuit court had no original jurisdiction to hear and decide this case, or to enter judgment therein, it had no original jurisdiction to issue execution on the judgment it did render. Its authority in both instances (that is, to render judgment and to award execution on that judgment) was as an appellate court, and not as one of original jurisdiction. In the issuing of the attachment by way of execution, the court was acting upon a subject-matter over which it had no original jurisdiction; and, if an appeal from its order quashing that attachment could bring the propriety of that order before this court for review, we would have this anomalous situation confronting us; that, while no appeal could be taken from the *judgment* rendered by the circuit court on the appeal from the magistrate, an appeal would lie to inquire into the regularity of the *execution* issued to enforce the very judgment which it is beyond our power to review. The action of the circuit court on the merits of the thing in controversy could not be brought here by appeal, but the incident of that action could be. We could not inquire whether the judgment itself was right, but we could decide whether an execution issued on that judgment was properly quashed. For such a singular position no principle or precedent can be found."

It follows that the appellant had no more right to appeal from the judgment on the *scire facias* issued out of the Superior Court on the judgment of the justice of the peace recorded therein, than he would have had to appeal from a judgment of the same court on an appeal from a judgment of a justice of the peace on a *scire facias* to revive that same judgment. The appeal therefore must be dismissed.

*Appeal dismissed, with costs.*